**UNITED STATES, Appellee,**

v.

**Private E–1 Andrew D. FREEMAN, 223–27–0526, United States Army, Appellant.**

**ACMR 8600558.**

U.S. Army Court of Military Review.

31 March 1987.

**548**

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC, Captain Robert P. Morgan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Robert R. Long, Jr., JAGC (on brief).

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of three specifications of unauthorized absence and five specifications of dishonorable failure to maintain sufficient funds, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for five months and forfeiture of $400.00 pay per month for five months. The convening authority approved the sentence.

The appellant alleges that the military judge erroneously failed to give six additional days administrative credit against the sentence to confinement. We disagree and affirm.

The military judge credited appellant with thirty-seven days of pretrial confinement. Appellant was given six additional days credit for restriction tantamount to confinement, based upon an agreement between trial counsel and defense counsel. On appeal, appellant argues that the remedial provisions of Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter cited as R.C.M.] 305(k),[1] were triggered by the government's failure to comply with the procedures of R.C.M. 305 during the period his restriction was tantamount to confinement. Therefore, appellant now maintains that he is entitled to an additional six day administrative credit citing *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.), *affirmed*, 23 M.J. 246 (C.M.A.1986) (summary disposition). The question posed is whether there was a failure to comply with either subsection (f), (h), (i), or (j) of R.C.M. 305. We shall examine each of these subsections to determine if any violation occurred.

▪ Subsection (f) of R.C.M. 305 requires military counsel to be provided, *if requested*, before the imposition of pretrial confinement is reviewed by a neutral and detached officer (magistrate). The primary purpose of providing counsel is to help protect the accused's interest in the pretrial confinement determinations. *See* Manual for Courts-Martial, United States, 1984, Analysis of Rule for Court-Martial 305(f), App. 21, A21–15. Appellant made no showing at trial that he had requested counsel at any time during the six days that he was restricted tantamount to confinement. A violation of this subsection cannot occur without the appellant first making an affirmative request for military counsel.[2]

---

1. R.C.M. 305(k) provides in pertinent part:
 (k) *Remedy.* The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. This credit is to be applied in addition to any other credit the accused may be entitled as a result of pretrial confinement served. This credit shall be applied first against any confinement adjudged....

2. We are aware of that portion of Army Regulation 27–10 which provides:
 *Appointment of counsel.* The SJA [Staff Judge Advocate] concerned will request an appointed counsel ... to consult with an accused placed in pretrial confinement. If [United States Army Trial Defense Service] counsel is not available to consult with the accused prior or within 72 hours from the time he or she

Appellant has failed to show a violation of subsection (f) of R.C.M. 305.

 Subsection (h) of Rule 305 contains the provisions for notification and action by the prisoner's commander. Regardless of which commissioned officer ordered the prisoner into confinement (compare R.C.M. 305(c) with R.C.M. 304(b)(2)), a decision by the prisoner's commander to continue pretrial confinement is required within 72 hours. Placing this decision with the commander allows the command implications of the decision to be fully considered and developed for later review. The commander is in the best position to assess the reasons for the pretrial confinement decision, including the prisoner's likely behavior and the impact of release or confinement on mission performance. *See* Manual for Courts-Martial, United States, 1984, Analysis of Rule for Court-Martial 305(h)(2), App. 21, A21–15–16. Since appellant's commander was the person who initially imposed the restriction and decided to keep appellant on restriction during the period involved, this part of the subsection was satisfied. The final requirement of this subsection is set out in R.C.M. 305(h)(2)(C),[3] which in pertinent part provides:

> (c) *Memorandum.* If continued pretrial confinement is approved, the commander shall prepare a written memorandum which states the reasons for the conclusion that the requirements for confinement in subsection (h)(2)(B) of this rule have been met.... This memorandum shall be forwarded to the reviewing officer under subsection (i) of this rule....

However, additional information may be added to the memorandum at any time. The record is silent as to whether a memorandum was prepared for a reviewing officer. We doubt that one was prepared. In the case before us, however, we do not believe that the existence of a memorandum is necessary for our decision. We note that a review pursuant to R.C.M. 305(i), for which the memorandum is prepared, must be made within seven days of the imposition of confinement. Because the purpose of the memorandum is to assist the magistrate in the review of the confinement, we believe the commander can submit that memorandum anytime within the seven days or before the R.C.M. 305(i) review is conducted and be in compliance with this requirement. Under the circumstances of this case, we find that a review under R.C.M. 305(i) had not yet occurred and the seven days had not expired. Thus the forwarding of a subsection (h)(2)(C) memorandum was not yet required. Therefore, we find no violation of R.C.M. 305(h).

 Under subsection (i), the initial review by a magistrate must be made *within seven days* of imposition of confinement. *See* R.C.M. 305(i)(1). Since the restriction terminated within that seven day period, the absence of a review by a magistrate is of no moment. We find no violation of R.C.M. 305(i).

 Finally, subsection (j) requires a review by the military judge of the propriety of pretrial confinement upon motion for appropriate relief. Although appellant requested credit for restriction tantamount to

---

enters pretrial confinement, the SJA will appoint other legally qualified counsel.... If the accused does not consult with counsel prior to confinement, every effort will be made to ensure that the accused consults with counsel within 72 hours of entry into pretrial confinement.
Army Regulation 27–10, Legal Services: Military Justice, para. 5–13*b* (25 Sep.1986). A violation of this regulatory provision, however, does not necessarily result in a violation of R.C.M. 305.

3. *Cf.* Army Regulation 27–10, Legal Services: Military Justice, [hereinafter cited as AR 27–10], para. 5–13*c* (25 Sep.1986) which provides:
Prior to review of confinement by a military magistrate, the commander of the person confined will provide a written statement under paragraph 9–5*b* (2) of this regulation to the military magistrate. (*See* R.C.M. 305(h)(2)(C)).
*Cf.* also para. 9–5*b* (2) AR 27–10 which provides, "The commander of the person confined ... will provide the military magistrate with a ... statement of the basis for the decision to confine (citations omitted)."

**550**

confinement, he did not question the propriety of the pretrial restraint. Subsection (j) also requires that the military judge shall order administrative credit under subsection (k) of R.C.M. 305 for any pretrial confinement served as a result of an abuse of discretion or of failure to comply with the provisions of subsection (f), (h), or (i) of R.C.M. 305. Having found no abuse of discretion or of a failure to comply with the pertinent subsections, there was no reason for the military judge to award R.C.M. 305(k) credit to appellant. The review of appellant's restriction at trial by the military judge met the requirements of R.C.M. 305(j).

Accordingly, we hold that where appellant's restriction is determined to be tantamount to confinement, where the restriction was terminated within seven days of its inception, and where the provisions of R.C.M. 305 (f), (h), (i) or (j) were not violated, as in the case before us, the remedial provisions of R.C.M. 305(k) are not triggered. We find appellant is not entitled to six additional days administrative credit against his sentence under *United States v. Gregory.*[4]

The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KENNETT concur.

---

**4.** This opinion should not be construed to indicate that this court condones restriction tantamount to confinement. We do not. We believe that imposing restriction tantamount to confinement may be a violation of Articles 93 or 97, Uniform Code of Military Justice, 10 U.S.C. §§ 893 or 897 (1982). We call upon supervisory authorities to take action to preclude forms of improper pretrial restraint.