UNITED STATES, Appellee,

v.

Staff Sergeant Albert HOWARD, 252–13–7634, United States Army, Appellant.

ACMR 8600903.

U.S. Army Court of Military Review.

6 Oct. 1987.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Alfred H. Novotne, JAGC, Captian David C. Hoffman, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC.

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Despite his pleas of not guilty, the military judge found the accused, a male drill sergeant, guilty of improper advances towards four female trainees and an improper social relationship with a male trainee, in violation of a lawful general regulation. He also found the accused guilty of consensual sodomy with one of these female trainees on two occasions. These offenses violated Articles 92 and 125, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892 and 925. The military judge sentenced the accused to a bad-conduct discharge, confinement for five months, and reduction to E–1.

We accept the military judge's finding that the restriction of the accused from 7 October thru 15 October 1986, the last four days of which was during this trial by court-martial, was tantamount to pretrial confinement. *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.) (record reflects some basis for military judge's factual finding), *affirmed*, 23 M.J. 246 (C.M.A.1986) (summary disposition). The military judge directed that credit be given for this eight-day period. *United States v. Mason*, 19 M.J. 274 (C.M.A.1985); *United States v. Allen*, 17 M.J. 126, 128 (C.M.A.1984) (*Allen* credit extends to time spent in custody before, during, and after trial before the action of the convening authority on sentence).

An additional credit of eight days is authorized because the requirements of the Manual for Courts-Martial, United States, 1984 [hereinafter M.C.M.], Rule for Courts-Martial [hereinafter R.C.M.] 305(h) (memorandum from the commander) and R.C.M. 305(i) (magistrate review within seven days) were not met. Rule for Courts-Martial 305(k) provides an additional day-for-day credit against confinement for these violations. This R.C.M. 305(k) credit was appropriate under *United States v. Gregory*, 21 M.J. at 959, but was not so urged by defense counsel or directed by the military judge or convening authority. *United States v. New*, 23 M.J. 889 (A.C.M.R.1987) (day-for-day 305(k) credit under *Gregory* accrues concurrently with day-for-day *Mason* credit excluding the first and including the last day).

■ Despite this situation, this court will not provide relief. Rule for Courts-Martial 305(k) does not provide a remedy in this circumstance, when forfeitures, fine, confinement or other deprivations of liberty either were not adjudged or do not remain to adjust. *See* M.C.M., App. 21, part II, R.C.M. 305(k). In addition, the accused manifestly should receive a bad-conduct discharge for repeatedly abusing the dignity of soldiers and would have been reduced to E–1 by operation of Article 58a, Uniform Code of Military Justice, 10 U.S.C. sec. 858a (Supp. II 1984) had it not been adjudged specifically. This reduction to E–1 would have followed from the approved confinement and a bad-conduct discharge.

Moreover, this court's authority under Article 66, UCMJ, 10 U.S.C. § 866, is to affirm "such findings of guilty and the sentence or such part of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." The discussion of R.C.M. 1203(b) states that a Court of Military Review has "generally the same powers as a convening authority to modify a sentence (*See* R.C.M. 1107)," but for granting suspension. The sentence in this case

was correct in law and fact and should be affirmed. Accordingly, our writ regarding the situation in this case runs no further. *See United States v. Darville*, 5 M.J. 1 (C.M.A.1978), and *United States v. Estill*, 26 C.M.R. 238 (C.M.A.1958).

■ We note that when restriction tantamount to confinement of more than seven days is raised at trial, the issue of *Gregory* is normally present as well and should be raised by counsel as soon as possible at the trial level.[1] If this issue is not promptly raised, waiver may be considered appropriate. *Cf. United States v. Ecoffey*, 23 M.J. 629 (A.C.M.R.1986) (prospective waiver if *Mason* credit issue not raised by defense counsel at trial).

We have considered the issues raised by appellant personally and find that they are without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge ROBBLEE concur.

---

1. *See United States v. Freeman*, 24 M.J. 547 (A.C.M.R.1987) (R.C.M. 305(k) remedial credit provision not triggered by restriction tantamount to confinement terminated within seven days).