**UNITED STATES, Appellee,**

v.

**Private First Class Michael A. LOMAN, 589–01–5061, United States Army, Appellant.**

**ACMR 8701234.**

U.S. Army Court of Military Review.

18 Dec. 1987.

---

1. *See United States v. Perry,* 24 M.J. 557 (A.C.M.R.1987).

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

■ At trial, appellant was granted administrative credit for restriction ruled to be tantamount to confinement. However, the military judge refused to grant appellant additional credit for violations of Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 305 [hereinafter R.C.M.]. With regard to the latter, the judge reasoned that the restriction tantamount to confinement was neither "formal confinement" nor "imposed illegally." In light of this court's decision in *United States v. Gregory,* 21 M.J. 952 (A.C.M.R.), *affirmed,* 23 M.J. 246 (C.M.A.1986) (summary disposition), the military judge erred in refusing to apply R.C.M. 305 to restriction tantamount to confinement.

■ Since appellant's approved sentence did not include a forfeiture of pay and he has served the confinement portion of his sentence, appellant asserts that his bad-conduct discharge should be set aside. He further asserts that this court's failure to take such remedial action would in essence leave him with an unenforceable right. We disagree.

Rule for Courts-Martial 305(k) provides:

The remedy for noncompliance with ... [particular subsections] of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance.... This credit shall be applied first against any confinement adjudged. *If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit ... shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged.... The credit shall not be applied against any other form of punishment.*

(Emphasis added.)

Thus, presidential intent concerning the specific forms of punishment against which administrative credit applies is express; the implementing language unambiguous. The analysis of R.C.M. 305 states that the subsection (k) remedy does not apply to punitive discharges or reductions "because these penalties are so qualitatively different from confinement that the fact that an accused has served confinement which was technically illegal should not automatically affect these forms of punishment." Man-

ual for Courts–Martial, United States, 1984, Analysis of R.C.M. 305(k), App. 21, A21–18. Under the facts of this case then, R.C.M. 305(k) provides no remedy. *See United States v. Howard*, 25 M.J. 533, 534 (A.C.M.R.1987) (in such situations R.C.M. 305(k) does not provide a remedy and this court will not provide relief).

In deciding appellant's case, we have followed the principle that R.C.M. 305 applies to restriction tantamount to confinement, which was announced by this court and affirmed by the Court of Military Appeals in *Gregory*. We further recognize that *Gregory* appears to stand for the proposition that restriction tantamount to confinement is an authorized form of pretrial restraint. *See Gregory*, 21 M.J. at 955–56 & n. 12, 958 n. 16. However, we do not believe that either this court or the Court of Military Appeals has directly addressed the issue of whether a commander, in the absence of exigent circumstances, may in effect hold a servicemember in confinement through the imposition of severe restriction. The use of such restriction as a matter of course during peacetime, when authorized facilities are reasonably available for the confinement of an accused, would appear more firmly rooted in expediency than in law.

Since the resolution of this issue is unnecessary to reach a fair result in appellant's case, we reserve judgment on it for now. We would make an additional observation in passing, however. Improvised confinement outside of a confinement facility creates an unregulated environment wherein the risk of maltreatment or cruelty is not only greater, but can be more easily shielded from the law should it occur.

Thus, it should be understood that our decision is limited to the facts before us. It does not extend and should not be construed as extending to cases where there is evidence of maltreatment or cruelty, or other instances of the government acting in bad faith. *See United States v. Hoover*, 24 M.J. 874, 878 (A.C.M.R.1987) (accused required to live in tent surrounded by concertina wire prior to trial).

We have considered the errors personally asserted by appellant and find them to be without merit.

Based on our review of the entire record, we are satisfied that the findings of guilty and the sentence are correct in law and fact. Accordingly, the findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Senior Judge De GIULIO concur.