**UNITED STATES, Appellee,**

v.

**Private First Class Franklin R. HILL, 220–64–4524, United States Army, Appellant.**

**ACMR 8800751.**

U.S. Army Court of Military Review.

16 June 1988.

---

Before FELDER, GILLEY and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of unauthorized use of a military identification card, impersonation of a noncommissioned officer, breaking restriction (two specifications), absence without leave, and solicitation of another soldier to impersonate a noncommissioned officer, in violation of Articles 134 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 886 (1982). The convening authority approved the sentence of a bad-conduct discharge, confinement for four months, forfeiture of $447.00 pay per month for four months, and reduction to the grade of E–1.

■ The appellant correctly contends that he is entitled to credit for tardy review of his pretrial confinement by a military magistrate. He was confined at Fort Meade, Maryland, on 11 March 1988, and transported in confinement to Fort Hood, Texas, on 17 March 1988. A military magistrate reviewed his confinement on 21 March 1988. The military judge credited the appellant with seventeen days pretrial confinement, which lasted through his trial on 28 March 1988. No additional sentence credit was requested by defense counsel, despite the government's failure to have a military magistrate review the confinement within seven days as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 305(i); *see* Army Regulation 27–10, Legal Services: Military Justice, para. 9–5 (18 March 1988).

The appellant should receive four days additional credit for failure to have a magistrate review the confinement from its seventh day, 17 March 1988, through 20 March 1988, the day before the pretrial confinement was regularized by the magistrate. *See United States v. Ballesteros*, 25 M.J. 891, 894 (A.C.M.R.1988); *United States v. Deloatch*, 25 M.J. 718, 719 (A.C.M.R.1987). Failure of the commander to prepare his supporting memorandum until the magis-

trate's review, as occurred here, does not warrant further relief. *See United States v. Freeman*, 24 M.J. 547, 549 (A.C.M.R. 1987).

■ We decline to apply waiver against the appellant where the facts regarding both the pretrial confinement and magistrate's review are present in the case documents, as distinguished from the more obscure facts regarding restriction tantamount to confinement. *See United States v. Guerrero*, 25 M.J. 829, 830 (A.C.M.R. 1988); *United States v. Howard*, 25 M.J. 533, 535 (A.C.M.R.1987).[1] The government must ensure compliance with R.C.M. 305(i). Thus, when pretrial confinement is announced in the sentencing proceeding or an Article 39(a) session, trial counsel should inform the military judge whether a military magistrate has reviewed pretrial confinement within seven days of its imposition. *Cf. United States v. Harris*, 26 M.J. 729, 733–34 (A.C.M.R.1988). Next, the military judge with the assistance of both counsel, should determine any issue regarding the magistrate's review, and, if it was not conducted in a timely or correct manner, fashion the correct remedy as set forth in R.C.M. 305(k). This practice will avoid a needless appellate issue and reduce the number of cases in which the appellant cannot receive meaningful benefit from credit delayed until appellate review. *See United States v. Howard*, 25 M.J. 533, 534 (A.C.M.R.1987); *cf. United States v. Gregory*, 21 M.J. 952, 954 (A.C.M.R.), *aff'd*, 23 M.J. 246 (C.M.A.1986) (summary disposition).

The findings of guilty and the sentence are affirmed. The appellant shall receive four days additional credit against his approved sentence to confinement. If he has been released from confinement, he shall receive an administrative credit of six days against the approved partial forfeiture of pay.[2]

---

1. Our declination to apply waiver obviates the raised issue of ineffectiveness of counsel as to this issue.

Senior Judge FELDER concurs.

Judge KENNETT took no part in the decision of this case.

---

2. Pursuant to R.C.M. 305(k), one day of confinement equals total forfeiture of pay for one day. Here, $\frac{2}{3} X = 4$. Thus, six days credit would be due.