**UNITED STATES, Appellee,**

v.

**Sergeant Nathan BRYANT III,
304–68–2698, United States
Army, Appellant.**

**ACMR 8801094.**

U.S. Army Court of Military Review.

23 Nov. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Captain Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Senior Judge:

The appellant was tried by general court-martial in a bench trial at Mannheim, Federal Republic of Germany, on 10 May 1988. Pursuant to his pleas, he was convicted of one specification of sodomy in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (1982) [hereinafter UCMJ]. The military judge sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, confinement for seven months, and reduction to Private E–1. The adjudged sentence did not exceed the sentence limitations in the pretrial agreement and the convening authority approved it.

The appellant asserts that the military judge erred by failing to grant, *sua sponte*, Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(k) [hereinafter R.C.M.] credit for failing to comply with the review procedures of R.C.M. 305.

On the same day the offense was committed, 28 November 1987, the appellant was placed in a restriction status that amounted to confinement. He performed no assigned duties. He remained in his barracks room and could only leave to sign-in hourly with the charge of quarters, to use the latrine, or to eat at the dining facility when it was open. The sign-in requirement was from 0600 to 2400 hours. During the period 2401 to 0559, the appellant's room would be checked hourly by the charge of quarters. This restraint lasted 18 days. Both government and defense counsel agreed with the military judge's determination that the restraint amounted to confinement. We also agree.

When restriction tantamount to confinement of more than seven days is raised at trial, as in this case, the issue of additional administrative credit is raised. *United States v. Gregory*, 21 M.J. 952 (A.C.M.R. 1986), *aff'd*, 23 M.J. 246 (C.M.A.1986) (summary disposition); *United States v. Howard*, 25 M.J. 533 (A.C.M.R.1987).

During the colloquy concerning pretrial restraint, no mention was made about *additional* credit for the restraint as specified by R.C.M. 305(k). The defense offered into evidence, and the military judge accepted without general objection, a counselling statement that outlined the limits of the restriction. The military judge asked both counsel if they had anything more to offer but both declined. The military judge then ruled as follows: "MJ: The motion is granted. The accused will be given credit for 18 days pretrial confinement. *Any-*

*thing else on the motion?* DC: *No your Honor."* (Emphasis added.)

In this case, it is clear that although the trial defense counsel was aware of R.C.M. 305 and had ample opportunity to invoke the provision of R.C.M. 305(k), he did not do so. The military judge also did not *sua sponte* grant the additional credit for non-compliance with the Rule. Instead, the appellant was given day-for-day credit for 18 days of pretrial confinement by the military judge. Since the question of the additional credit under R.C.M. 305(k) was not raised at trial by the defense, it was waived.[1] This court cautioned in *Howard:*

> [W]hen restriction tantamount to confinement of more than seven days is raised at trial, the issue of *Gregory* is normally present as well and should be raised by counsel as soon as possible at the trial level. If this issue is not promptly raised, waiver may be considered appropriate.

*Howard* at 535 (footnote and citation omitted).

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

1. We note that the instant case can be distinguished from this court's ruling in *United States v. Hill,* 26 M.J. 836 (A.C.M.R.1988). *Hill* dealt with a pretrial confinement involving actual incarceration and the failure to have a timely magistrate's review of that formal confinement. We do not find those elements present in this case. *Cf. United States v. Hoover,* 24 M.J. 874 (A.C.M.R.1987), *petition denied,* 25 M.J. 437 (C.M.A.1987).