**UNITED STATES, Appellee,**

v.

**Private El Kenneth S. KUCZAJ, 367–86–1600, United States Army, Appellant.**

**ACMR 8802249.**

U.S. Army Court of Military Review.

22 Sept. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before DeFORD, FOREMAN, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

On mixed pleas, the appellant was convicted by a military judge sitting as a special court-martial of absence without leave (two specifications), disrespect to a noncommissioned officer (two specifications), disobeying a lawful order from a noncommissioned officer (two specifications), assaulting a noncommissioned officer, breaking restriction, and communicating a threat (two specifications), violations of Articles 86, 91, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, and 934 (1982). His approved sentence includes a bad-conduct discharge, confinement for five months, and forfeiture of $447.00 pay per month for five months.

On appeal, the appellant contends that he is entitled to additional credit against his sentence for illegal pretrial confinement. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(k) [hereinafter R.C.M.]. His contention is premised upon a lack of evidence in the record of trial that a military magistrate reviewed his pretrial confinement as required by R.C.M. 305(i). We hold that an affirmative showing of compliance with Rule 305(i) is not required of the Government in the absence of challenge by an accused.

Articles 9(d) and 10, UCMJ, require probable cause for pretrial confinement and

"immediate steps" to inform a confinee of the accusations against him. *See* R.C.M. 305(d) & (e). To effect these codal safeguards, the President has promulgated Rule 305(i) which requires a prompt review of pretrial confinement by a magistrate.

There is no requirement that proof of compliance with Rule 305(i) affirmatively appear of record. *See* R.C.M. 1103(b)(2) & (3). *But see United States v. Hill*, 26 M.J. 836 (A.C.M.R.1988) (trial counsel should inform the military judge that an accused's pretrial confinement was reviewed by a military magistrate). No evidence of record in the case at bar suggests a violation of Rule 305(i) nor does appellant contend that he was denied a timely review of his pretrial confinement by a military magistrate.

It is incumbent upon an accused to affirmatively assert government noncompliance with Rule 305. R.C.M. 906(b)(8); R.C.M. 905(c). Failure to assert the issue at trial waives the issue on appeal. R.C.M. 905(e). The remedial provision of Rule 305 is not of constitutional magnitude, *see United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), and, because it involves a proceeding "not of record" and collateral to the trial itself, it is not a matter susceptible of plain error. *Cf. United States v. Fisher*, 21 M.J. 327 (C.M.A.1986) (in order to constitute plain error, the error must be obvious and substantial). Absent such a challenge, the presumptions of regularity, *United States v. Yates*, 28 M.J. 60 (C.M.A.1989), and of effective assistance of counsel, *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), remain unrebutted and suffice to establish compliance.

Accordingly, the appellant's assignment of error is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge FOREMAN concur.