UNITED STATES, Appellee,

v.

Private First Class Scott M. MATHIEU, 027–56–5834, United States Army, Appellant.

ACMR 8802947.

U.S. Army Court of Military Review.

20 Nov. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Thomas A. Sieg, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Kathryn F. Forrester, JAGC, Captain Martin D. Carpenter, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before KANE, GILLEY and NEURAUTER, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

A military judge sitting as a general court-martial convicted the appellant of involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 U.S.C. § 919 (1982). The convening authority approved the sentence of a bad-conduct discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction in grade to Private E1.

The appellant asserts that he should have received an additional 121 days of credit for pretrial confinement because the record of trial and allied papers do not establish that the appellant's pretrial confinement was properly ordered or reviewed. The government counters that the issue was waived by not raising it at trial. We find waiver in this case.

■ Unlike in *United States v. Hill*, 26 M.J. 836, 838 (A.C.M.R.1988), the issues here were not raised by the allied papers, or otherwise in the record of trial. Hence, waiver occurred. *See United States v. Kuczaj*, 29 M.J. 604 (A.C.M.R.1989); *United States v. Shelton*, 27 M.J. 540 (A.C.M.R. 1988) (waiver would result had defense not raised the issue of untimely review of pretrial confinement), and *United States v. Snoberger*, 26 M.J. 818, 821 (A.C.M.R.1988) (silent record on compliance with procedural requirements for pretrial confinement waives issue); *cf. United States v. Ecoffey*, 23 M.J. 629, 631 (A.C.M.R.1988) (waiver applied pertaining to pretrial punishment and illegal pretrial confinement), and *United States v. Bryant*, 27 M.J. 811, 812 (A.C.M.R.1988) (waiver applied when restriction tantamount to confinement).

■ We interpret our observation in *Hill* to be precatory, that is, that the trial counsel should inform the military judge whether a military magistrate has reviewed pretrial confinement within seven days of its imposition. *United States v. Hill*, 26 M.J. at 838. We affirm the wisdom of making that inquiry. In addition to meeting a need for smooth administration and avoiding improper deprivation of liberty and appellate issues, the military judge should know how much credit is due as a result of pretrial confinement and its processing. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(j)(2). More fundamentally, the court-martial sys-

tem should permit the punishment of a deprivation of liberty only if it is correctly founded. This simple check serves that goal.

We note that in other areas of court-martial practice, such as advice of rights to counsel at trial and on appeal, the military judge must, as opposed to should, make those inquiries into areas competent counsel should have covered. Our recent opinions on credit regarding pretrial confinement appear to have raised awareness of these issues, and at this point, accordingly, we continue to apply the presumption of regularity when the record does not raise a question of whether proper magisterial review in fact occurred.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge NEURAUTER, concur.