UNITED STATES, Appellee,

v.

Private E1 Keith D. BELONEY,
461–89–2632, United States
Army, Appellant.

ACMR 9001014.

U.S. Army Court of Military Review.

27 Feb. 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before FOREMAN, HAESSIG and BROOKHART, Appellate Military Judges.

OPINION OF THE COURT

BROOKHART, Judge: *

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of the wrongful use of marijuana, breaking restriction, and three specifications of absence without leave in violation of Articles 112a, 134, and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 934, and 886 (1982 & Supp. V 1987). His approved sentence provides for a bad-conduct discharge, confinement for nine months, and total forfeitures.

Appellant asserts error in the military judge's refusal to order 15 days of additional administrative credit against total forfeitures for the period of pretrial confinement from 8 March to 23 March 1990, the date of the instant court-martial.

Appellant, while pending court-martial, left his unit in Germany in October 1989 and returned to the United States where, on 1 February 1990, he surrendered to military authorities at the Presidio of San Francisco, California. He was transported to Fort Ord, California and placed on restriction until 23 February, at which time he was ordered into pretrial confinement. He was then returned to his unit in Germany where, on 7 March 1990, he was ordered into pretrial confinement by his battery commander, who completed a DA Form 5112–R, Checklist for Pretrial Confinement (Mar.1985) [hereinafter DA Form 5112–R]. In the continuation sheets to DA Form 5112–R, the battery commander set forth in detail the reasons why he believed pretrial confinement was appropriate. He stated, *inter alia*, that appellant had tested positive for marijuana and had admitted to using hashish (a form of marijuana), had broken restriction, and had been absent without leave three different times for a total of four months (having managed to return to and cross the continental United

---

* Judge Charles E. Brookhart took final action in this case prior to his release from active duty.

States to California during the last period of AWOL). The commander further noted that appellant had no ties to the Babenhausen, Germany area, had gone AWOL when the original court-martial charges were pending, and had indicated that the only reason for turning himself in was to gain an administrative discharge in lieu of trial by court-martial.

The pretrial confinement ordered on 7 March was reviewed by a military magistrate in accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C.M.] on 8 March 1990. However, because appellant was held in pretrial confinement from 23 February until 7 March 1990, without the benefit of a magistrate's review, the military judge awarded 13 days additional credit under Rule for Courts–Martial 305(k) against the adjudged sentence. In his action, the convening authority failed to grant the additional credit directed by the military judge. Rule for Courts–Martial 1107(f)(4)(F) requires that the action specify this credit.

Although the record of trial does not contain any written evidence of the magistrate's 8 March decision, trial defense counsel stated on the record that he believed the magistrate did not order a commander's memorandum prepared because "the magistrate felt ... that the 5112 [DA Form 5112–R] checklist sufficed." While the copy of the DA Form 5112–R included in the record of trial does not reflect the decision of the magistrate, based on our review of the record of trial, we find that the military judge, with the assistance of both counsel at trial, adequately considered the issue of the magistrate's review. *See United States v. Hill,* 26 M.J. 836, 838 (A.C.M.R.1988).

Rule for Courts–Martial 305(h)(2)(C) provides:

*Memorandum.* If continued pretrial confinement is approved, the commander shall prepare a written memorandum which states the reasons for the conclusion that the requirements for confinement in subsection (h)(2)(B) of this rule have been met. This memorandum may include hearsay and may incorporate by reference other documents, such as witness statements, investigative reports, or official records. This memorandum shall be forwarded to the reviewing officer under subsection (i) of this rule. If such a memorandum was prepared by the commander before ordering confinement, a second memorandum need not be prepared. However, additional information may be added to the memorandum at any time.

Appellant, without reference to the DA Form 5112–R, asserts that no commander's memorandum as required by Rule for Courts–Martial 305(h)(2)(C) was prepared and that therefore, he should be credited with 15 days of administrative credit against the approved total forfeitures pursuant to Rule for Courts–Martial 305(k). *See United States v. Gregory,* 21 M.J. 952, 957 (A.C.M.R.), *aff'd,* 23 M.J. 246 (C.M.A. 1986). While it is clear that no document designated as a commander's "memorandum" was ever prepared, the commander did complete a DA Form 5112–R which contained all the information required by Rule for Courts–Martial 305(h)(2)(B).[1] Thus, the issue for decision here is whether a checklist for Pretrial Confinement (DA Form 5112–R), which contains all the information required by Rule for Courts–Martial 305(h)(2)(B), can suffice for the "memorandum" required by Rule for Courts–Martial 305(h)(2)(C). We hold that it can.

---

**1.** Rule for Courts–Martial 305(h)(2)(B) provides in pertinent part:

> *Requirements for confinement.* The commander shall direct the prisoner's release from pretrial confinement unless the commander believes upon probable cause, that is, upon reasonable grounds, that:
> (i) An offense triable by a court-martial has been committed;

(ii) The prisoner committed it; and
(iii) Confinement is necessary because it is foreseeable that:
  (a) The prisoner will not appear at a trial, pretrial hearing, or investigation, or
  (b) The prisoner will engage in serious criminal misconduct; and
(iv) Less severe forms of restraint are inadequate.

The purpose of the memorandum required by Rule for Courts–Martial 305(h)(2)(C) is to assist the magistrate in his review of confinement under Rule for Courts–Martial 305(i). *United States v. Freeman*, 24 M.J. 547, 549 (A.C.M.R.1987). Indeed, as noted in the analysis of Rule for Courts–Martial 305(h), the memorandum "ordinarily provides the primary basis for subsequent decisions concerning pretrial confinement." R.C.M. 305 analysis, app. 21, at A21–16. The analysis, observing that the memorandum requirement was not new to military practice, cites Army Regulation 27–10, Legal Services: Military Justice, paragraph 9–5b(1) (1 September 1982),[2] which in turn clearly contemplates the use of DA Form 5112–R to provide the required information to the magistrate. The checklist requirement found in the 1982 version of the regulation has been carried forward in Army Regulation 27–10, Legal Services: Military Justice, paragraph 9–5b(2) (16 January 1989), with the specific requirement that "the commander will *include on or append to* the DA Form 5112–R a statement of the basis for the decision to confine (*see* R.C.M. 305(h)(2)(C))." (emphasis added.)

Accordingly, given the clear purpose underlying the memorandum requirement, it follows that a properly completed DA Form 5112–R or, indeed, any other writing which memorializes the basis for the commander's decision to confine, and also provides the information necessary (*see* Rule for Courts–Martial 305(h)(2)(B)) to enable the magistrate to make an informed review of the commander's decision, would satisfy the "memorandum" requirement of Rule for Courts–Martial 305(h)(2)(C). To hold otherwise would elevate strict form over substance.

We have reviewed the DA Form 5112–R and find that it conforms to the requirements of both the Rule and the Regulation. Since no more was required, we conclude that the military judge did not err in denying appellant additional administrative credit for the time spent in pretrial confinement from 8 March to 23 March 1990.

We have considered the remaining assignments of error and find them to be without merit. The findings of guilty and the sentence are affirmed. As noted above, the appellant is entitled to 13 days' credit. This credit shall be applied against his approved sentence to confinement.

Senior Judge FOREMAN and Judge HAESSIG concur.

---

2. This paragraph provides in pertinent part:
b. *Procedures.*
    (1) The military magistrate will review all documents and personally interview each person in pretrial confinement within 7 days after that person has entered pretrial confinement. The authority initially ordering the prisoner into pretrial confinement will immediately provide a completed DA Form 5112–R (Checklist for Pretrial Confinement) (fig 9–1) to the military magistrate.... The authority ordering confinement will also provide the magistrate with the information that formed the basis for the decision to impose confinement.