UNITED STATES, Appellee,

v.

Private E-2 Michael W. WILLIAMSON,
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, United States
Army, Appellant.

ACMR 8702009.

U.S. Army Court of Military Review.

16 June 1988.

For Appellant: Major Kathleen A. Vanderboom, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, First Lieutenant James K. Reed, JAGC (on brief).

Before FELDER, GILLEY and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, appellant was found guilty at a special court-martial of wrongful use of hashish, wrongful possession of hashish, attempted distribution of hashish, and conspiracy to wrongfully distribute hashish, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp III 1985). The military judge sentenced appellant to a bad-conduct discharge, confinement for 150 days, forfeiture of $438.00 pay per month for five months, and reduction to the grade of Private E-1. The convening authority approved the bad-conduct discharge and forfeitures, but only 128 days confinement, and pursuant to a pretrial agreement, suspended for one year confinement in excess of sixty days.

The appellant alleges that the military judge failed to properly apply credit against confinement in accordance with *United States v. Gregory*, 21 M.J. 952, 958 (A.C.M.R.1986), *aff'd*, 23 M.J. 246 (C.M.A. 1986) (summary disposition). At trial, the military judge concluded that the appellant would receive eighty-two days of pretrial confinement credit for forty-one days of restriction tantamount to confinement and for violations of Manual for Courts-Martial, United States, 1984, Rule for Courts-

Martial [hereinafter R.C.M.] 305(i).[1] *See United States v. Mason,* 19 M.J. 274 (C.M. A.1985) (summary disposition) (credit for restriction tantamount to confinement); *United States v. Gregory,* 21 M.J. at 958 (credit for not having the restriction tantamount to confinement reviewed by a magistrate); R.C.M. 305(k). Upon reviewing the pretrial agreement, the military judge applied the pretrial confinement credit against the sixty days confinement to be executed. The military judge then concluded that the remaining twenty-two days of confinement credit due would be deducted from the confinement to be suspended. Consequently, the military judge ruled that the convening authority could not approve more than 128 days confinement, although the pretrial agreement did not limit the period of confinement that may be approved.

 We find that the military judge erred in granting pretrial confinement credit against the suspended portion of the adjudged sentence. In *Gregory,* this court recognized that the intent of R.C.M. 305(k) was to provide meaningful credit. *United States v. Gregory,* 21 M.J. at 956 (applying *United States v. Suzuki,* 14 M.J. 491, 493 (C.M.A.1983)). Accordingly, the court looked to the approved, rather than to the adjudged sentence to fashion a remedy. Thus, the touchstone for granting credit is that it must be given against the sentence that the appellant must serve, not the suspended portion which he would serve only if it were properly vacated.

Since the military judge improperly applied the credit to the suspended portion of the sentence to confinement, we will correct the error by applying the credit against the sentence to two-thirds forfeiture of pay per month for five months. Rule for Courts–Martial 305(k), in pertinent part, provides for credit of one day of total forfeiture of pay for one day of confine-

ment if there is insufficient confinement or other deprivation of liberty upon which to apply the credit. Here, however, only fifteen days of credit are at issue because the "soldier is to be given additional credit from the seventh day until such time as he either is released from confinement or until there is an R.C.M. 305(i) review regularizing the confinement." *United States v. Deloatch,* 25 M.J. 718, 719 (A.C.M.R.1987). Meaningful application of credit against forfeitures requires application to the beginning of the period of forfeitures, in the same manner that confinement credits are applied. *See United States v. Suzuki,* 14 M.J. at 493. Applying these rules for computation, the appellant will receive credit to offset twenty-three days of the approved partial forfeitures.[2]

The findings of guilty and the sentence are affirmed. The appellant shall receive a twenty-three day administrative credit against the approved sentence to forfeitures.

Senior Judge FELDER concurs.

Judge KENNETT took no part in the decision of this case.

---

1. The appellant was not taken before a military magistrate for review of the propriety of pretrial confinement.

2. We derive twenty-three days of partial forfeiture by computing how many such days equal fifteen days of total forfeiture ($\frac{2}{3}X = 15$). We

note, however, that our action is not a complete remedy for the appellant because he has been on excess leave without pay since shortly after the convening authority acted on this case, on 4 November 1987.