**UNITED STATES, Appellee,**

v.

**Private E1 Eric M. COLLINS,
255–41–3213, United States
Army, Appellant.**

**ACMR 8901529.**

U.S. Army Court of Military Review.

25 May 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Karen V. Johnson (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of larceny, violation of a lawful general regulation by driving while his license was suspended, wrongful submission of a false urine sample, and wrongful use of marijuana, in violation of Articles 121, 92, 134, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 892, 934, 912a (1982 & Supp. V 1987) [hereinafter UCMJ]. A general court-martial consisting of officers sentenced the appellant to a bad-conduct discharge, confinement for two years, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement and in view of prior punishment for a theft that was part of the same transaction from which the larceny charge was drawn, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for two years, with confinement in excess of twelve months suspended for twelve months as called for in the pretrial agreement, and forfeiture of $600.00 pay per month for twelve months so reduced to provide credit for prior punishment.

The issues before us involve whether the appellant has unfairly suffered punishment in this case because of that prior nonjudicial punishment under the Uniform Code of Military Justice, Article 15, 10 U.S.C. § 815. The appellant received nonjudicial punishment on 5 December 1988 for five offenses. He received another nonjudicial punishment on 19 January 1989 for two offenses, including larceny of a video cassette recorder on 10 November 1988. Under the second nonjudicial punishment, the commander reduced the appellant in grade from Private E2 to Private E1 and imposed forty-five days of restriction and extra duties. Charge I in this case is for larceny of stereo equipment, also on 10 November 1988. But the government did not know that, in fact, the appellant stole the stereo equipment when he stole the video cassette recorder. The military judge raised the issue of prior punishment, deciding to treat the theft of the stereo equipment and of the video cassette recorder as one offense.

 The appellant correctly contends that the convening authority should have given credit for the deprivation of liberty the appellant served as part of the prior nonjudicial punishment. The military judge had instructed the court members that the convening authority would give such credit. However, we find that the record of nonjudicial punishment itself was properly admitted into evidence because, in addition to the offense which was part of the same crime as that found in Charge I, it showed another offense of which the court-martial would not otherwise have been informed.

In *United States v. Pierce*, 27 M.J. 367 (C.M.A.1989), *on remand*, 28 M.J. 1040 (A.C.M.R.1989), the Court determined that an accused must not suffer actual punishment twice for an offense of which he is convicted by court-martial and for which he had already received nonjudicial punishment. Specifically, the Court held that the servicemember cannot be "twice *punished* for the same offense" and that the Court of Military Review can "adjust appellant's sentence to assure that he was not twice punished." *Id.* at 369–70. Thus, the appellant would be given credit for nonjudicial punishment served, and must not have that record of punishment used for evidentiary purposes at his court-martial. *Id.* at 369. The convening authority gave the appellant adequate credit for forfeiture of pay. But he did not give credit for the deprivation of liberty. Applying the *Pierce* formula, those deprivations of liberty were the equivalent of fifty-two and one-half days' confinement. Apportioning that deprivation of liberty, we determine that, of the total of fifty-two and one-half days' confinement equivalent as the result of prior nonjudicial punishment, the appellant is due forty-five days as the larceny that was part of the court-martial charges was more serious than the violation of a lawful general regulation that was subject to nonjudicial punishment, but not part of the court-martial charges.

To provide a meaningful remedy, we must first move forward by forty-five days the date for the suspension granted by the convening authority to begin. That is, instead of suspending confinement greater than twelve months, the suspension will be of confinement greater than ten months and fifteen days.

Of course, only a convening authority may suspend a sentence. *See* UCMJ art. 71, 10 U.S.C. § 871 and *United States v. Healy*, 26 M.J. 394, 396 (C.M.A.1988). Yet, the appellant can actually serve confinement only if the requirements of *Pierce* are met because that holding is bottomed on the right to suffer deprivation of liberty only when consistent with fundamental fairness. The Court of Military Appeals has pointed out recently in *Waller v. Swift*, 30 M.J. 139 (C.M.A.1990), that the United States Supreme Court and the Court of Military Appeals consistently show special solicitude that an accused not serve even a single day of unlawful confinement, with prompt release therefrom.

Our action respects the convening authority's exercise of clemency while it cures his omission of *Pierce* credit. We have taken a congruent course in giving credit in confinement to be actually served when the appellant was due that credit for tardy or omitted magisterial review of pretrial confinement. *United States v. Williamson*, 26 M.J. 835, 836 (A.C.M.R.1988) (credit must be given against the sentence to be served, not merely the suspended portion). The Court of Military Appeals has authorized, and required, that lower court judges act upon sentences to provide appropriate remedies. *See United States v. Pierce*, 27 M.J. at 370; *United States v. Suzuki*, 14 M.J. 491, 493 (C.M.A.1983). Our solution really honors the convening authority's exercise of clemency, but excises the infirm part of confinement to be served before the suspension begins.

Second, we also have to give the appellant *Pierce* credit on the total amount of confinement to be affirmed, as well as that to be served initially, accomplished by beginning the suspension forty-five days ear-

ly. Due to *Pierce*, the appellant only should be exposed to a possible confinement of twenty-two months and fifteen days rather than twenty-four months' confinement. To do that, we must reduce the confinement suspended from thirteen months and fifteen days to twelve months. Thereby, the maximum possible confinement to be served would be twenty-two months and fifteen days rather than twenty-four months.

Waiver is not an issue on admission into evidence of the Article 15 even though the trial defense counsel did not object to its admissibility. As we stated above, the Article 15 itself was admissible because, in addition to showing part of the same incidence of theft as appears in Charge I, it also showed a record of other misconduct not before the court-martial.

■ But we do find error in the trial counsel's argument that the commander imposing nonjudicial punishment "stepped up the punishment" without effect when the majority of that prior nonjudicial punishment was for the remaining part of the theft for which he was tried by this court-martial. *Pierce*, 27 M.J. at 369, precludes any capitalizing on that prior punishment at a later court-martial and it should not have been argued as separate misconduct for punishment purposes. Nevertheless, we find waiver from lack of objection by the appellant. Plain error did not occur. *See* Manual for Courts–Martial, 1984 [hereinafter MCM 1984], Mil.R.Evid. 103(d). *See also* MCM, 1984, Rule for Courts–Martial 905(e).

We have considered the issue raised personally by the appellant and the additional issue assigned by counsel, but neither has merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement for twenty-two months and fifteen days and forfeiture of $600.00 pay per

month for ten months, but consistent with the clemency exercised by the convening authority, confinement in excess of ten months and fifteen days is suspended for twelve months with provision for automatic remission. The unexecuted portion of the sentence to confinement, adjudged on 11 May 1989, was remitted on 4 December 1989.

Senior Judge KUCERA and Judge GIUNTINI concur.