**UNITED STATES, Appellant,**

v.

**Sanders P. BLAIR, 265 66 0468, Operations Specialist Second Class (E–5), U.S. Navy, Appellee.**

**Misc. Dkt. No. 85–23.**

U.S. Navy-Marine Corps Court of Military Review.

24 Feb. 1986.

Lt MICHAEL MUDGETT, JAGC, USNR, Appellate Government Counsel.

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT DANIEL D. DOWNING, JAGC, USNR, Appellate Defense Counsel.

Before COUGHLIN, Senior Judge, and DECARLO and MIELCZARSKI, JJ.

DECARLO, Judge:

This appeal by the Government pursuant to Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862, arises out of the military judge's dismissal of a desertion charge against the accused as being time barred under Article 43, UCMJ, 10 U.S.C. § 843. The military judge made the following essential findings of fact to which we are bound (*United States v. Burris*, 21 M.J. 140 (C.M.A.1985)): the accused

left his unit, the USS HORNE (CG–30), located in San Diego, California on 22 July 1979; a desertion charge was properly sworn and preferred on 20 November 1981 and received by an officer exercising summary court-martial jurisdiction on 25 November 1981; the accused was returned to military control in August of 1985, and during prereferral processing, the charge sheet was amended by the convening authority to aver unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886; the amended charge was referred to a Special Court-Martial on 20 September 1985; on 1 November 1985, the convening authority withdrew the Article 86 charge and, on 5 November 1985, reinstated and rereferred the original desertion charge. At trial, the accused raised the statute of limitations as a defense, claiming that the reinstated desertion charge amounted to an unsworn charge required to be preferred anew. The military judge agreed, ruling as a matter of law that the desertion charge as originally preferred was dismissed by the convening authority when he referred the offense as an unauthorized absence.

■ The Government argues on appeal that the two amendments to the original charge constitute minor changes within the meaning of Rule for Courts-Martial (R.C.M.) 603(a) and *United States v. Krutsinger,* 15 U.S.C.M.A. 235, 35 C.M.R. 207 (1965), because they amount to nothing more than the renewal of a previously sworn charge and do not add a new or more serious offense, raise a statute of limitations question, or mislead the accused. The accused argues that the act of amending the charge sheet and referring the specification as an unauthorized absence effected a dismissal of the original desertion charge thus making its reinstatement a major change under R.C.M. 603(d) requiring repreferral. The question presented on appeal is whether the amendment of the charge sheet to reallege desertion (the offense originally preferred and receipted for) vice unauthorized absence constitutes a major change under R.C.M. 603. We hold that it does not and accord-

ingly reverse the decision of the military judge.

■ R.C.M. 603 governs changes made to charges and specifications. Under that rule, minor changes can be made without having to reprefer charges anew. R.C.M. 603(a). The statute defines minor changes as being "any change except those which add a party, offense, or substantial matter *not fairly included in those previously preferred,* or which are likely to mislead the accused as to the offenses charged." *Id.* (emphasis added). Major changes can be made over the objection of the accused only if charges are reprefered. R.C.M. 603(d). Originally, paragraph 33*d* of the *Manual for Courts-Martial, 1951,* provided that "[o]bvious errors may be corrected and the charges may be redrafted over the accuser's signature, provided the redraft does not include any person, offense, or matter not fairly included in the charges *as preferred.* (emphasis added). Case law interpreting that provision made clear that amendments are freely permitted where they do not operate to change the nature of the original charges, and where there is no indication that the defendant has been mislead or otherwise prejudiced." *See United States v. Brown,* 4 U.S.C.M.A. 683, 16 C.M.R. 257 (1954); *United States v. Arbic,* 16 U.S.C.M.A. 292, 36 C.M.R. 448 (1966). A change is considered to be major if it (1) results in a different offense or the allegation of a different or more serious offense, or (2) raises a substantial question as to the statute of limitations, or (3) misleads the accused. *United States v. Arbic, supra.*

■ The accused claims that the amendment of the charge sheet to reflect desertion vice unauthorized absence is a major change and cites *United States v. Simpson,* 11 M.J. 715 (N.M.C.M.R.1981), and *Arbic, supra,* in support of that proposition. In *Simpson,* a panel of this Court held that the act of amending a previously preferred unauthorized absence charge to allege an additional year of absence was a major change requiring repreferral. The Court reasoned that the allegation of an additional year of absence increased the severity

and nature of the originally preferred offense so as to make it a new offense for purposes of pleading. *Simpson,* 11 M.J. at 716–17. The accused's reliance on *Simpson,* however, is misplaced, and does not consider the fact that any determination under R.C.M. 603 begins with the charge *preferred* and not necessarily the charge ultimately referred to trial by the convening authority (emphasis added).[1] The Court's decision in *Simpson* was based on an analysis of the charge as amended with the charge as originally preferred. There, the amendment clearly increased the severity of the original unauthorized absence charge by increasing the length of the absence and thus required repreferral.

In the instant case, a charge of desertion was originally preferred against the accused. That charge thus becomes the standard by which to measure whether a subsequent change made thereto is major or minor under R.C.M. 603. *See* R.C.M. 603(a). Application of the *Arbic* test reveals that the change was a minor one. First, the amendment did not result in the allegation of a different or more serious offense than that previously preferred. R.C.M. 603(a). Second, the amendment did not raise a substantial question as to the statute of limitations, *see generally United States v. Whitt,* 21 M.J. 658 (A.C.M.R. 1985), and third, there is no evidence that the accused was misled or prejudiced by the change. Thus, we find that the amendment is minor within the meaning of R.C.M. 603(a) and that the desertion charge currently before this Court is a sworn charge not barred by the statute of limitations.

Accordingly, the military judge erred as a matter of law when he ruled that the desertion charge as originally preferred

was dismissed by the convening authority when he referred the offense as an unauthorized absence. The case is remanded to the military judge for further proceedings not inconsistent with this opinion.

Senior Judge COUGHLIN and Judge MIELCZARSKI concur.

---

1. The decision whether or not to refer charges to a court-martial rests within the broad discretion of the convening authority who is not obliged to refer all charges which the evidence supports and is free to refer any lesser included offenses of the charges originally received. R.C.M. 601. *See also United States v. Arbic, supra.* The discretionary act of referring a lesser included offense, however, does not *ipso facto* operate to dismiss the initially preferred

charge which retains vitality for pleading purposes until such time as either *res judicata* or double jeopardy operates as a bar to further prosecution. *Accord United States v. Jackson,* 15 M.J. 988 (N.M.C.M.R.1983), *aff'd,* 20 M.J. 83 (C.M.A.1985). *Cf. United States v. Rodgers,* 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957); *United States v. Spann,* 10 U.S.C.M.A. 410, 27 C.M.R. 484 (1959) (emphasizing the vital jurisdictional importance of the original charge sheet).