UNITED STATES, Appellee,

v.

Specialist Four William T. BERRY, 171–56–5442, United States Army, Appellant.

ACMR 8600990.

U.S. Army Court of Military Review.

31 March 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen,

JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before DeFORD, WILLIAMS, and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant, pursuant to a pretrial agreement, pleaded guilty before a military judge sitting as a special court-martial at Wildflecken, Federal Republic of Germany, to distribution of marijuana, use of marijuana, and violation of a lawful general regulation by possessing drug paraphernalia in violation of Articles 112a and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 892 (1982 and Supp. II 1984) [hereinafter cited as UCMJ], respectively. Appellant also entered a plea of not guilty to false swearing in violation of Article 134, UCMJ, 10 U.S.C. § 934, and was found not guilty of that offense. His approved sentence [1] included a bad-conduct discharge, confinement for ninety days, forfeiture of $426.00 pay per month for three months, and reduction to the grade of Private E-1.

Before us, appellant alleges for the first time that the military judge erred by failing to grant additional administrative credit pursuant to *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.), *aff'd*, 23 M.J. 246 (C.M.A.1986) (summary disposition), for pretrial restriction which was tantamount to confinement where there is no evidence that the government complied with the procedural requirements of the Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M., 1984], Rule for Courts-Martial 305(k) [hereinafter cited as R.C.M.]. Government appellate counsel argue that, because appellant failed to raise the issue before the trial court, the issue

---

1. The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, forfeiture of $426.00 pay per month for three months, and reduction to the grade of Private E-1. He further recommended that the bad-conduct discharge be suspended.

was waived. We find appellant's allegation of error meritorious.

Our examination of the record discloses that during arraignment trial defense counsel advised the court he intended to make a motion for appropriate relief to have the restriction under which appellant had been placed determined to be tantamount to confinement[2] and asked the court if it would prefer to hear the motion at a more appropriate time. The trial judge advised the counsel he could make the motion whenever he desired to do so. Subsequently, during the sentencing phase of trial, trial defense counsel presented the motion to the court stating, among other matters, the restriction which he believed tantamount to confinement was not subject to a magistrate's review. The prosecutor declined to offer either evidence or argument, and the trial judge granted the motion.[3]

In *United States v. Gregory*, 21 M.J. at 953, this court upheld the trial judge's determination that appellant had been subjected to pretrial restraint so onerous that it constituted restraint tantamount to confinement, thereby entitling him to the same day for day administrative credit against his sentence as if he had been placed in actual pretrial confinement. The court then held the provisions of R.C.M. 305 apply to such confinement and that, under the facts of that case, Gregory was entitled to additional administrative credit under the provisions of R.C.M. 305(k). *United States v. Gregory*, 21 M.J. at 955–58. This credit, which was designed to deter violations of the rule, would be applied in addition to any other credit to which the accused may be entitled as a result of pretrial confinement served.[4] *United States v. Gregory*, 21 M.J. at 958. The decision in *Gregory* did not address how a motion for a 305(k) credit should be raised.

In *United States v. Ecoffey*, 23 M.J. 629 (A.C.M.R.1986), this court considered a

2. Trial counsel amended the charge sheet to indicate appellant was placed on restriction from 3 September 1986.

3. Trial defense counsel's motion included the period 3 September 1986 through 24 October 1986, the day of trial, a period of fifty-one days.

4. R.C.M. 305 provides in part:

(a) *In general.* Pretrial confinement is physical restraint, imposed by order of competent authority, depriving a person of freedom pending disposition of charges.

. . . .

(f) *Military counsel.* If requested by the prisoner, military counsel shall be provided to the prisoner before the initial review under subsection (i) of this rule. . . .

. . . .

(h) *Notification and action by commander.*

(1) *Report.* Unless the commander of the prisoner ordered the pretrial confinement, the commissioned, warrant, noncommissioned, or petty officer to whose charge the prisoner was committed shall, within 24 hours after that commitment, cause to be made a report to the commander which shall contain the name of the prisoner, the offenses charged against the prisoner, and the name of the person who ordered or authorized confinement.

. . . .

(i) *Procedures for review of pretrial confinement.*

(1) *In general.* A review of the adequacy of probable cause to believe the prisoner has committed an offense and of the necessity for continued pretrial confinement shall be made within 7 days of the imposition of confinement.

. . . .

(j) *Review by military judge.* Once the charges for which the accused has been confined are referred to trial, the military judge shall review the propriety of pretrial confinement upon motion for appropriate relief.

. . . .

(k) *Remedy.* The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. This credit is to be applied in addition to any other credit the accused may be entitled as a result of pretrial confinement served. This credit shall be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement is insufficient to offset all the credit to which the accused is entitled, the credit using the conversion formula under R.C.M. 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment.

case involving restriction tantamount to confinement and whether such an issue, as well as credit under R.C.M. 305(k), would be waived if not raised before the trial court. This court noted that military courts had faithfully applied the waiver doctrine to matters pertaining to pretrial punishment and illegal pretrial confinement except in circumstances where appellant was a pretrial confinee required to live and work with sentenced prisoners and that, if the waiver doctrine was extended to defense claims of restriction tantamount to confinement not raised for the first time at trial, a greater measure of consistency of law would be achieved. *United States v. Ecoffey*, 23 M.J. at 631. The court then decided the waiver doctrine would be applied to those cases tried ninety days or more from the date of that decision (23 Oct. 1986) where there was a failure by trial defense counsel to raise the issue of administrative credit for restriction tantamount to confinement by timely and specific objection, during the sentencing phase of the trial, to the presentation of data concerning the nature of restraint. *Id.* at 631 n. 5.

Here, the trial defense counsel advised the trial judge appellant's restriction had not been subject to a magistrate's review. While it would have been better for him to have specifically requested administrative credit under R.C.M. 305(k), we will treat trial defense counsel's statement as a motion for R.C.M. 305(k) credit and will not apply waiver merely because he failed to place a specific label on his request for relief. Therefore, we find appellant is entitled to an additional administrative credit of fifty-one days applied against his sentence to confinement.[5]

We are aware that, in view of the date of this opinion, applying fifty-one days' administrative credit to appellant's sentence to confinement would have no beneficial purpose since appellant has completed serving his sentence to confinement. Pursuant to R.C.M. 305(k), we will convert the fifty-one days' administrative credit against confinement to forfeitures.

Accordingly, the findings of guilty are affirmed. The sentence is also affirmed except that appellant will be credited with a fifty-one day pay credit in the sum of $725.00 against his sentence to forfeitures.

Judge WILLIAMS AND Judge KENNETT concur.

---

5. We note from the record of trial the only evidence from either side concerning this R.C.M. 305(k) issue was a stipulation of expected testimony of appellant's company commander about the parameters of appellant's restriction, and the statement to the court by trial defense counsel. Undoubtedly, the prosecutor's acquiescence and refusal to offer either evidence or argument influenced the trial judge to precipitously grant the motion without further evidence. Examining the company commander's expected testimony concerning the restriction, we doubt the propriety of the finding that it was tantamount to confinement. We must, though, accept the trial court's ruling on the motion as "law of the case" (a doctrine which, among several matters, expresses the practice of courts generally to refuse to reopen what has previously been decided. *White v. Higgins*, 116 F.2d 312, 318 (1st Cir.1940)); *United States v. Bower*, 21 M.J. 400 (C.M.A.1986) (summary disposition). We further note that, even if the waiver rule had been applicable here, the trial judge did not require the trial counsel to read the personal data concerning the accused from the front page of the charge sheet. Consequently, the failure to follow the trial procedure guide denied appellant his right to otherwise object to the data concerning pretrial confinement and to request credit under R.C.M. 305(k), as well as denied the prosecution the application of the waiver rule. *See* R.C.M. 1001(b)(1).