UNITED STATES, Appellee,

v.

Private First Class Julio C. DeLEON II, United States Army, Appellant.

ARMY 9900943.

U.S. Army Court of Criminal Appeals.

31 May 2000.

---

For Appellant: Major Jonathan F. Potter, JA; Captain Marc D.A. Cipriano, JA (on brief).

For Appellee: Lieutenant Colonel Eugene R. Milhizer, JA.

Before TOOMEY, CARTER, and NOVAK, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of indecent liberties with a child and indecent exposure (two specifications) in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of confinement for 100 days, a bad-conduct discharge, and reduction to Private E1. The case was submitted upon its merits for our review under Article 66, UCMJ, 10 U.S.C. § 866.

■ The appellant personally asserts, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), that the military judge erred in his computation of pretrial confinement credit and asks that he be credited with one additional day of pretrial confinement credit. We agree.

The Bell County, Texas, Sheriff's office confined the appellant on 10 February 1999 for the offenses for which he was ultimately sentenced at his court-martial. The appellant remained confined at the Bell County Confinement Facility for all or part of forty-five days, 10 February 1999 to 26 March 1999. He was released to the military on 26 March 1999, and not reconfined until the date of his court-martial, 6 October 1999. The military judge calculated the amount of pretrial confinement credit due to the appellant to be forty-four days. The appellant's trial defense counsel countered that the appellant should be granted forty-five days of credit against confinement, arguing that both the first and last day of confinement should be counted because the appellant was released from confinement prior to the day his sentence was adjudged. After he announced the sentence, the military judge ordered that the

appellant be "credited with 44 days towards any approved period of confinement." In support of his ruling on credit, the military judge cited *United States v. New*, 23 M.J. 889, 891 (A.C.M.R.1987), wherein this court held that "for purposes of determining . . . credit due, the first day . . . shall not be counted and the last day so served will be counted." The convening authority credited the appellant with forty-four days against the sentence to confinement.

Prior to the then Court of Military Appeals' decision in *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), a military accused who had served a period of pretrial confinement was not entitled to administrative credit against his adjudged confinement. In *Allen*, however, the court interpreted Department of Defense Instruction (DODI) 1325.4 as subjecting the military to the procedures employed by the Department of Justice (DOJ) for sentence computation. *Allen*, 17 M.J. at 128. Department of Defense Instruction 1325.4, Treatment of Military Prisoners and Administration of Military Correction Facilities, page 22 (Oct. 7, 1968), stated that "[p]rocedures employed in the computation of sentences will be in conformity with those published by the [DOJ], which govern the computation of sentences of federal prisoners and military prisoners under the jurisdiction of the Justice Department."

When *Allen* was decided, the DOJ rule governing federal sentence computation directed that an accused "be allowed credit toward the service of his sentence for *any days* spent in custody [pretrial confinement] in connection with the offense or acts for which sentence was imposed." 28 C.F.R. § 2.10(a) (1980) (emphasis added). In addition to the DOJ rule, the then existing federal statute, 18 U.S.C. § 3568, also mandated that pretrial sentence credit be given for "any days" spent in pretrial confinement, but the statute specifically exempted "offense[s] triable by court-martial, military commission, provost court, or other military tribunal." Act of June 22, 1966, Pub.L. No. 89–465, § 4, 80 Stat. 217 (repealed 1984). The appellant in *Allen* argued that "while Congress decided not to make § 3568's provisions mandatory

for the military, the Secretary of Defense ha[d] ... voluntarily adopted them on the basis of [DODI 1325.4]." *Allen,* 17 M.J. at 127. The Court of Military Appeals agreed and required day-for-day credit for periods of pretrial military confinement.*

In 1988, DODI 1325.4 was reissued as Department of Defense Directive (DODD) 1325.4 but retained the requirement that sentence computation procedures "conform to those established by the [DOJ] for Federal prisoners unless they conflict with this Directive." DODD 1325.4, Confinement of Military Prisoners and the Administration of Correctional Programs and Facilities, para. H.5 (May 19, 1988). The current statute regulating sentence computation for federal confinees continues to allot day-for-day credit for pretrial confinement:

> (a) **Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for *any time* he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence.

18 U.S.C. § 3585 (1988) (emphasis added in italics); *see also United States v. Spencer,* 32 M.J. 841, 842–43 (N.M.C.M.R.1991) (ordering a full day's credit for "each day or part of a day" spent in pretrial confinement because "the regulations controlling pretrial confinement credit [were] the same [in 1991] as at the time *Allen* was decided and [were] of equal force"); 28 C.F.R. § 2.10(a) (1999) (federal confinee "shall be allowed credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed"); Dep't of Justice, Federal Bureau of Prisons, Sentence Computation Manual–CCCA 1984, para. 3b (CN–02, July 29, 1994) ("[t]he Bureau of Prisons calculates any part of a day in custody serving sentence as a **full day** served on the sentence ... and any part of a day in official detention as a **full day** for prior custody time credit purposes" (emphasis in text)).

■ Based on the above statutory and regulatory authorities, we hold that any part of a day in pretrial confinement must be calculated as a full day for purposes of pretrial confinement credit under *Allen* except where a day of pretrial confinement is also the day the sentence is imposed. To the extent the decision in *New* is inconsistent with this decision, it will no longer be followed.

Our resolution of the above issue renders moot the remaining claim submitted by the appellant pursuant to *Grostefon.*

The findings of guilty and the sentence are affirmed. The appellant shall be credited with an additional day of credit, for a total of forty-five days, against the sentence to confinement.

---

* While the decision in *Allen* did not specifically address credit for pretrial *civilian* confinement, this court, in *United States v. Dave,* 31 M.J. 940, 942 (A.C.M.R.1990), held that "a soldier tried by court-martial must be given sentence credit for time spent in pretrial custody by local civilian authorities in connection with the offense or acts solely for which a sentence to confinement by a court-martial is ultimately imposed."