UNITED STATES, Appellee,

v.

Private First Class Pedro CHAPA III,
United States Army, Appellant.

ARMY 9801043.

U.S. Army Court of Criminal Appeals.

8 Aug. 2000.

For Appellant: Colonel John T. Phelps II,
JA; Colonel Adele H. Odegard, JA; Major
Kirsten V.C. Brunson, JA; Captain Blair T.
O'Connor, JA (on brief).

For Appellee: Major Patricia A. Ham, JA; Major Cynthia J. Rapp, JA, USAR (on brief).

Before CAIRNS, Senior Judge, BROWN, and VOWELL, Appellate Military Judges.

## OPINION OF THE COURT

CAIRNS, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of attempted wrongful distribution of methylenedioxy amphetamine, wrongful distribution of methylenedioxy amphetamine, wrongful distribution of lysergic acid diethylamide (LSD) (four specifications), and wrongful introduction of LSD onto an installation of the armed forces with the intent to distribute, in violation of Articles 80 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 912a [hereinafter UCMJ]. The convening authority approved the sentence consisting of a bad-conduct discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to Private E1. In his action, the convening authority ordered confinement credit in accordance with the military judge's award of 136 days' credit for time served on restriction tantamount to confinement.

In this Article 66, UCMJ, 10 U.S.C. § 866, appeal, the appellant asserts that the military judge erred in calculating the number of days the appellant should be credited for the restriction tantamount to confinement. Additionally, the appellant claims for the first time that he is entitled to additional day-for-day administrative credit based on the government's failure to comply with the procedural requirements of Rule for Courts-Martial 305 [hereinafter R.C.M.]. We agree that the appellant is entitled to additional credit because of a miscalculation in the number of days he was restricted, but we conclude that he waived any entitlement to additional administrative credit.

1. 17 M.J. 126 (C.M.A.1984).

2. On the same day pretrial restraint began, the commander also imposed summarized nonjudicial punishment on the appellant for missing

## Facts

Using our Article 66, UCMJ, fact-finding power, we find that on 10 February 1998, the appellant's commander orally revoked the appellant's pass privileges and imposed other conditions upon the appellant's liberty, including confiscation of his civilian clothing and property, as matters of pretrial restraint pending disposition of the charges in this case. In a 20 July 1998 memorandum, the commander restored the appellant's pass privileges and removed all conditions on liberty with an effective date of 20 July 1998. Also on 20 July 1998, the unit and the appellant deployed on a field exercise until 27 July 1998. When the appellant returned from the field, his civilian clothing and property were returned to him.

### Procedural Background

Prior to pleas, the trial defense counsel raised the issue of pretrial restraint in a terse oral request "to defer [until] closing arguments" a motion for appropriate relief alleging pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813. Accordingly, the motion was deferred until the sentencing phase of the trial, during which the defense and prosecution presented evidence on the duration and nature of the restraint, along with evidence in aggravation, extenuation, and mitigation. Persisting in the assertion that the accused had suffered illegal pretrial punishment, the trial defense counsel never mentioned restriction tantamount to confinement or argued for sentence credit in accordance with *United States v. Mason,* 19 M.J. 274 (C.M.A.1985) (summary disposition ordering confinement credit under *United States v. Allen*[1] for total number of days served in pretrial confinement *and* "pretrial restriction equivalent to confinement"). Aside from a cogently written brief submitted by the trial counsel, the factual and legal issues on the motion were not well defined or developed at trial.

After announcing the sentence in this case, the military judge stated:

The court also awards you 136 days[2] credit against the adjudged confinement. The

formations. The nonjudicial punishment included fourteen days' restriction. Thus, during the first fourteen days of pretrial restraint pending disposition of the drug charges, the appellant

court finds that due to confusion, misunderstanding, and failures to communicate among the chain of command that you were restricted; and that restriction was tantamount to confinement; and that you are entitled to credit.

The military judge neither explained how she calculated the number of days awarded nor made any further findings of fact on the issue.

### Calculation of *Mason* Credit for Restriction Tantamount to Confinement

■ Based on the evidence regarding the conditions on the appellant's liberty, the military judge found that the appellant had been subjected to restriction tantamount to confinement. On appeal, we review a military judge's ruling that restriction was tantamount to confinement for abuse of discretion. Whether the restriction in a particular case was tantamount to confinement depends on the totality of the circumstances, and "[w]e *normally* will not find that the military judge abused [her] discretion in making these *factual* determinations, unless the government convinces this court that 'there was no evidentiary basis for [her] factual conclusion.'" *See United States v. Gregory,* 21 M.J. 952, 954 (A.C.M.R.1986). In as much as this record reflects a factual basis for the military judge's findings, under the precedent of this court, we conclude that she did not abuse her discretion. Thus, we defer to her factual conclusion that the restriction was tantamount to confinement.[3] In view of our conclusion that the military judge did not abuse her discretion, the appellant is entitled to *Mason* credit. But, the issue in this case is, how much credit?

■ The record is clear, and we have found as fact, that the inception date of the restriction was 10 February 1998. As to fixing the termination date, the appellate defense counsel argues that the appellant's liberty was not restored until he returned from the field and reacquired his civilian clothes and property. He concludes, therefore, that 27 July 1998 was the termination date.

Central to the appellant's argument on the termination date is the assertion that by waiting until 20 July 1998, the beginning of a field exercise, to issue the memorandum lifting the terms of the appellant's restriction, the commander effectively prolonged the restriction another seven days. The thrust of the appellant's argument, while not explicitly articulated, is that the commander acted in bad faith when he lifted the restrictions on the appellant on the day the unit went to the field. The argument implies that the commander sought to punish the appellant by a duplicitous scheme of restoring privileges on paper, while maintaining them de facto by field duty.

We find that the evidence does not support the appellant's argument or conclusion. The commander testified that he restored the appellant's privileges because, after learning from the trial defense counsel that the appellant had entered into a pretrial agreement, he concluded the appellant was no longer a flight risk. His testimony was neither challenged nor contradicted, and we find it credible. Appellate defense counsel points out, however, that the pretrial agreement was executed on 14 July 1998. Reasoning that the commander no longer had a valid basis for restraint beyond that date, counsel implies that the commander delayed lifting the restriction until 20 July 1998 in order to maintain restriction on the appellant's liberty until the end of the field exercise.

The first problem with this argument is that the evidence does not show when the commander learned of the pretrial agreement. We note that the trial defense counsel chose not to confront the commander on cross-examination with the question of when

---

concomitantly served restriction pursuant to Article 15, UCMJ, 10 U.S.C. § 815. We speculate that the military judge deducted the Article 15, UCMJ, restriction from the award of credit for restriction tantamount to confinement. Because the facts were not well-developed at trial, we decline to make a similar deduction from the credit to which the appellant is entitled.

3. Following *Gregory,* we decline to substitute our own judgment for that of the military judge. We recognize, however, that under *United States v. Morris,* 49 M.J. 227 (1998), we need not be bound by the military judge's ruling.

the commander learned of the pretrial agreement or whether he delayed lifting restraint on the appellant for vindictive or punitive reasons. Other than the fact that the appellant's privileges were restored on the same day the unit went to the field, the evidence at trial regarding this issue was left undeveloped. The evidence certainly does not support a finding that the commander acted in bad faith when he lifted the restraint on 20 July 1998. The second problem with the appellant's position is that simply because the appellant was unable to access his civilian clothing and property until he returned from the field does not mean that he remained restricted tantamount to confinement during the field exercise. While field duty is demanding, such duty is not equivalent to restriction tantamount to confinement and should not be viewed as punishment. Accordingly, in the absence of evidence that the commander manipulated the termination date and extended actual restraint beyond the time he reasonably believed restraint was necessary, we conclude that the commander acted in good faith when he ordered restoration of the appellant's privileges, effective 20 July 1998. Thus, we reject the appellant's argument and hold that the termination date for the pretrial restriction was 20 July 1998, as specifically ordered by the commander in the memorandum.

Turning to the issue of the calculation of *Mason* credit to which an appellant is entitled for restriction tantamount to confinement, the precedent of this court provides that the first day of such restriction shall not be counted but the last day will be counted. *See United States v. New*, 23 M.J. 889, 891 (A.C.M.R.1987). Applying this guidance to the facts of this case, the period from 10 February to 20 July 1998 was 160 days.

■ The calculus for determining *Mason* credit changed, however, when in the recent case of *United States v. DeLeon*, 53 M.J. 658, 660 (Army Ct.Crim.App.2000), this court held that "any part of a day in *pretrial confinement* must be calculated as a full day for purposes of pretrial confinement credit under *Allen* except where a day of pretrial confinement is also the day the sentence is imposed" (emphasis added). Although *DeLeon* dealt

with *Allen* credit for pretrial confinement, "restriction tantamount to confinement is a form of pretrial confinement." *Gregory*, 21 M.J. at 955–56. It is precisely because such restriction is equivalent to pretrial confinement that soldiers are entitled to day-for-day administrative credit. *See Mason*, 19 M.J. at 274. Therefore, we hold that in calculating credit for restriction tantamount to confinement, the same rule established in *DeLeon* must apply. Applying the *DeLeon* rule in this case, we calculate that the appellant spent a total of 161 days under restriction tantamount to confinement. We will reflect the appellant's entitlement to 161 days' credit in our decretal paragraph.

### *Gregory* Credit for Procedural Noncompliance

■ In his second assigned error, the appellant asserts for the first time that he is also entitled to additional administrative day-for-day credit under *Gregory* for the government's failure to follow the procedural requirements of R.C.M. 305 (requiring command review and written memorandum supporting continued pretrial confinement, plus review by a neutral and detached officer). A long line of precedent of this court provides that an accused who fails to affirmatively assert entitlement to R.C.M. 305(k) or *Gregory* credit at trial waives the issue on appeal. *See United States v. Newberry*, 35 M.J. 777, 780 n. 2 (A.C.M.R.1992); *United States v. Kuczaj*, 29 M.J. 604, 605 (A.C.M.R. 1989); *United States v. Bryant*, 27 M.J. 811, 812 (A.C.M.R.1988); *see generally United States v. Ecoffey*, 23 M.J. 629, 631 (A.C.M.R. 1986) (holding that the waiver doctrine "is extended to defense claims of restriction tantamount to confinement not raised for the first time at trial"). Attempting to overcome this precedent, the appellant argues that under *United States v. Berry*, 24 M.J. 555, 557 (A.C.M.R.1987), failure to specifically request R.C.M. 305(k) credit did not waive the issue because the trial defense counsel raised it by motion for appropriate relief in the nature of an Article 13, UCMJ, violation. We disagree that *Berry* supports the appellant's position.

Although *Berry* stands for the proposition that we will not apply waiver simply because the trial defense counsel failed to place the specific label, "R.C.M. 305(k)," on the request for relief, the trial defense counsel in that case explicitly asserted in a motion at trial that his client had been subjected to restriction tantamount to confinement and that such restriction had not been reviewed by a magistrate. Quite to the contrary in the appellant's case, the trial defense counsel did not specifically, substantively, or even implicitly request R.C.M. 305(k) credit. Instead, he simply requested relief for illegal pretrial *punishment*, never asking for credit based on restriction tantamount to confinement or requesting additional credit based on procedural failures under R.C.M. 305(h) and (i). Although the issues of credit for pretrial punishment and pretrial restraint may be closely related in certain cases, an assertion of pretrial punishment in violation of Article 13, UCMJ, without more, does not automatically include by implication a request for credit for procedural violations under R.C.M. 305.[4]

The only hint of an R.C.M. 305 violation was buried in the trial testimony of the appellant's commander when he conceded on cross-examination that he did not reduce to writing his review of the nature of the restraint of the appellant. However, the trial defense counsel neither asserted that as an R.C.M. 305(h)(2)(C)[5] violation nor pursued whether the government conducted a magistrate's review in accordance with R.C.M. 305(i). Rather than using this testimony to support an assertion of an R.C.M. 305 violation, the trial defense counsel seemed to elicit this concession in an attempt to attack the commander's credibility. We conclude that a fair reading of this record reveals a failure to raise an R.C.M. 305(k) issue. In contrast, the trial defense counsel in *Berry* advised the trial court of his intent to raise the issue of restriction tantamount to confinement and indicated that such restriction had not been subject to a magistrate's review. Since *Berry* is so fundamentally distinguishable on its facts, the appellant cannot prevail on its holding.

Accordingly, we conclude on this record that the appellant waived the issue of entitlement to R.C.M. 305(k) credit.

We have considered the appellant's matters asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed. The appellant will be credited with an additional twenty-five days against the sentence to confinement, for a total of 161 days of confinement credit.

Judge BROWN and Judge VOWELL concur.

---

4. For an analysis of the distinctions between pretrial punishment and pretrial restraint, see *United States v. Smith*, 53 M.J. 168, 170–73 (2000).

5. This rule requires a so-called *"72–hour memorandum"* by the commander who approves continued pretrial confinement.