UNITED STATES, Appellee

v.

Pedro CHAPA III, Private First Class
U.S. Army, Appellant

No. 01-0011

Crim. App. No. 9801043

United States Court of Appeals for the Armed Forces

Argued October 23, 2001

Decided August 8, 2002

GIERKE, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and EFFRON, J., joined. BAKER, J., and SULLIVAN,
S.J., each filed an opinion concurring in part and in the result.

Counsel

For Appellant: Captain Christopher D. Carrier (argued); Colonel Adele
H. Odegard, Lieutenant Colonel David A. Mayfield, Major
Mary M. McCord, and Captain Maanvi M. Patoir (on brief).

For Appellee: Captain Karen J. Borgerding (argued); Major Paul
T. Cygnarowicz and Captain Arthur L. Rabin (on brief);
Colonel Steven T. Salata and Major Bryan T. Broyles.

Military Judge: Nancy A. Higgins

**This opinion is subject to editorial correction before final publication.**

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of a single violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 USC § 880, and multiple violations of Article 112a, UCMJ, 10 USC § 912a, arising from appellant's distributions of lysergic acid diethylamide (LSD) and methylenedioxyamphetamine (ecstasy). The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 53 MJ 769 (2000). This Court granted review of the following issue:

> WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN DENYING APPELLANT DAY FOR DAY ADMINISTRATIVE CREDIT FOR THE GOVERNMENT'S FAILURE TO FOLLOW THE PROCEDURAL REQUIREMENTS UNDER RCM 305.[1]

For the reasons that follow, we affirm.

Appellant was apprehended when he distributed LSD to an undercover agent. On February 10, 1998, appellant's commander revoked his off-post pass privileges, seized all his civilian clothing and personal effects, and seized some of his uniforms. Appellant was required to be escorted by a noncommissioned officer whenever he was outside his duty area. These conditions on liberty remained in effect during a 31-day deployment to

---

[1] In addition, this Court specified the following issue:

> IF THE COURT ERRED, WHAT RELIEF, IF ANY, CAN BE GRANTED AT THIS STAGE?

In light of our disposition of the granted issue, we do not reach the specified issue.

2

Thailand and during field exercises in the United States. These conditions on liberty were removed on July 20, 1998, but appellant's civilian clothing and property were not returned until July 27, when he returned from a field exercise.

At trial, appellant asked for appropriate relief for illegal pretrial punishment in violation of Article 13, UCMJ, 10 USC § 813. He did not assert that his restriction was tantamount to confinement, did not assert a violation of the requirements for review of pretrial restraint under RCM 305, Manual for Courts-Martial, United States (2000 ed.), and did not ask for any relief based on RCM 305(k). The only mention in the record of any command review occurred during the following cross-examination of appellant's commander by defense counsel:

> Q. During that whole period, did you ever make any review of your decision to confiscate any goods?
>
> A. Yes.
>
> Q. Did you ever articulate that review to PFC Chapa?
>
> A. No, I did not.

After imposing sentence, the military judge granted appellant credit for 136 days, ruling that the restraints on appellant's liberty were tantamount to confinement. The military judge did not mention RCM 305; nor did she mention United States v. Mason, 19 MJ 274 (CMA 1985) (summary disposition); or United States v. Gregory, 21 MJ 952, 955-56 (ACMR) (holding that RCM 305 applies to restriction tantamount to confinement), aff'd, 23 MJ 246 (CMA 1986) (summary disposition).

RCM 305(h)(2)(A) requires that, not later than 72 hours after ordering a prisoner into pretrial confinement, "the

commander shall decide whether pretrial confinement will continue." RCM 305(h)(2)(C) requires the commander to prepare a written memorandum of the reasons for continued pretrial confinement.

RCM 305(i)(1) requires that review of probable cause to continue pretrial confinement "shall be made by a neutral and detached officer within 48 hours of imposition of confinement under military control."[2] RCM 305(i)(2) requires another review by a neutral and detached officer within 7 days of imposition of confinement.

RCM 305(k) provides that the remedy for noncompliance with the above provisions "shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance . . . at the rate of 1 day credit for each day of confinement served as a result of such noncompliance." If the adjudged confinement is insufficient to offset the credit due, "the credit shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order[.]"

Before the court below and this Court, appellant has asked for additional credit, asserting that the commander's review and magistrate's review of his pretrial restraint were not conducted.

---

[2] This version of RCM 305 took effect on May 27, 1998, in accordance with Executive Order Number 13086, and is the same as the version in effect at the time of appellant's court-martial. The previous version, in effect when appellant's conditions on liberty were imposed, did not set out the 48-hour review requirement, although this requirement still applied by virtue of this Court's decision in United States v. Rexroat, 38 MJ 292, 295 (CMA 1993)(citing County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

Because appellant has served all the adjudged confinement, he asks for credit against the adjudged and approved forfeitures. The Government's position before the lower court and this Court is that the issue was waived. The lower court held that appellant waived the issue of entitlement to additional credit under RCM 305(k) because "the trial defense counsel did not specifically, substantively, or even implicitly request RCM 305(k) credit." 53 MJ at 773.

There is no burden on the Government to make an affirmative showing of compliance with any of the procedures addressed in RCM 305. The defense bears the burden of raising an issue of compliance with any of these procedures by making a motion that specifically focuses the attention of trial participants on the alleged shortcoming. In United States v. McCants, 39 MJ 91, 93 (CMA 1994), this Court held that any issue regarding failure to conduct the 48-hour review of pretrial confinement[3] was waived by failure to specifically raise the issue at trial. We held that a request for relief for failure to conduct the 7-day review was not sufficient to preserve the issue whether the 48-hour review was conducted. See RCM 905(e), Manual, supra.[4]

This case presents an even stronger case for waiver than McCants. In McCants, we held that an asserted violation of one

---

[3] See id.

[4] The passive waiver referred to in RCM 905(e) and this Court's decision in McCants is synonymous with the term "forfeiture" used by the Supreme Court in United States v. Olano, 507 U.S. 725, 733 (1993). Because RCM 905(e) uses the term "waiver" instead of "forfeiture," we use the language of the rule in this opinion.

provision of RCM 305 was not sufficient to preserve the issue whether another provision was violated.  In this case, appellant did not assert that his restriction was tantamount to confinement, nor did he assert any violations of RCM 305.  The defense request for relief focused solely on Article 13.  The defense counsel's question about the commander's review of his decision to seize appellant's personal property was insufficient to raise and preserve the issue, for two reasons: (1) because it addressed only the seizure of appellant's property and not the restraints on his liberty, and (2) it was too general to alert the military judge or the Government to a complaint that formal review processes were not followed.  Defense counsel had the opportunity to ask the commander whether the conditions on appellant's liberty were reviewed in accordance with RCM 305(h) and (i), or to present other evidence of noncompliance, but he did not avail himself of that opportunity.

Because the issue was not raised, the record in this case is silent on the issue whether appellant's pretrial restraint was reviewed in accordance with RCM 305(h) and (i).  There is no evidence that appellant's pretrial restraint was reviewed; conversely, there is no evidence that it was not reviewed.

We hold that any issue founded on noncompliance with RCM 305 was waived.  We further hold that, because appellant did not establish a factual predicate for his asserted violation of RCM 305, he has not overcome the waiver provisions of RCM 905(e).  To overcome waiver, appellant was required to show that there was an "error," i.e., a violation of RCM 305(h) and (i), that it was "plain," and that it "materially prejudiced" his "substantial

rights." See United States v. Powell, 49 MJ 460, 463-64 (1998). Appellant has not carried his burden. Accordingly, we hold that the court below did not err by applying waiver.

Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Chapa, No. 01-0011/AR

BAKER, Judge (concurring in part and in the result):

At trial, appellant asked for relief for unlawful pretrial punishment in violation of Article 13, Uniform Code of Military Justice, 10 USC § 813.[1]  In response, appellant received day-for-day credit from the military judge for the period he spent serving restriction ruled to be tantamount to confinement.  See United States v. Mason, 19 MJ 274 (CMA 1985).  However, he did not receive credit in accordance with RCM 305, Manual for Courts-Martial, United States (2000 ed.).  On appeal, the Court of Criminal Appeals determined that in his motion before the trial court, appellant waived any claim to RCM 305 credit by relying only on Article 13.[2]

In my view, where a liberty interest is at stake, and based on these facts, I would not rely on a mechanical application of waiver.  Appellant did not specifically

---

[1] Defense counsel stated: "[H]is pretrial restriction . . . was unlawful punishment.  And in the meaning of Article 13 of the Uniform Code of Military Justice. . . . The terms of his restriction, as the company calls it, were unjust and unfair. . . . That is wrong, Your Honor, Article 13 of the Uniform Code of Military Justice says that it is wrong, and a significant sentence credit should be given to this soldier for what he suffered."

[2] That court said: "[I]n the appellant's case, the trial defense counsel did not specifically, substantively, or even implicitly request RCM 305(k) credit.  Instead, he simply requested relief for illegal pretrial punishment, never asking for credit based on restriction tantamount to confinement or requesting additional credit based on procedural failures under RCM 305(h) and (i)."  53 MJ at 773.

assert a violation of the requirements imposed by RCM 305;

however, appellant's counsel did say:

> The court must remind Captain Trotter that he cannot
> willy nilly impose restriction according to his mood.
> He needs to document and think through his decisions
> when he treats soldiers prior to trial.
>
> . . . .
>
> I think actions speak louder than words in this case,
> ma'am.  There was no written record to any of these
> conditions. . . . There was no attempt to review these
> con—conditions [sic].

(Emphasis added.)

In my view, appellant did enough to put the military

judge on notice that he was seeking all appropriate credit

for the period of his pretrial restraint, including RCM 305

credit.  This assumes, of course, that one accepts the

premise that RCM 305 credit is indeed due for pretrial

restriction tantamount to confinement.  In this regard, it

is noteworthy that appellant did not specifically request

Mason credit for pretrial restriction tantamount to

confinement.  Nonetheless, the military judge awarded

appellant 136 days of Mason credit.  Apparently, the

military judge understood that appellant was asking for all

appropriate credit due for the manner in which he was

restricted prior to trial.

This view does not undo the holding in United States

v. McCants, 39 MJ 91 (CMA 1994).  In McCants, this Court

2

held that the appellant waived credit for alleged violations of RCM 305(d) and (h) where he was in fact confined and specifically asked for credit under RCM 305(i). Fair enough, as that is precisely what RCM 305 contemplates – requirements for confinement. But the law applicable to appellant's issue is not so clear that we should hold defense counsel to the waiver standard imposed by the Court of Criminal Appeals and adopted by the majority. Indeed, while this Court has made an oblique suggestion that RCM 305 applies to cases of pretrial restriction tantamount to confinement, it has not expressly held so.[3]

Therefore, absent waiver, I must face the substantive issue. Is RCM 305 credit due for pretrial restriction tantamount to confinement? I am skeptical. First, if it is due, then it will likely be due in all cases of restriction tantamount to confinement. By definition, restriction tantamount to confinement presents the situation where the commander will not have applied RCM 305 because he or she believes an accused is in restriction and not in confinement-- constructive or actual. Second, if it is always due, then why is it not obvious error for a

_____

[3] "[I]t appears that the Court of Military Review correctly concluded that restriction tantamount to confinement is a form of confinement to

military judge to grant <u>Mason</u> credit, but not address RCM 305?  I think the better argument is that it is not due.

The relevant statutory language is found in RCM 305 under the subtitle "pretrial confinement" and not pretrial restraint generally.  RCM 305(a) states that "[p]retrial confinement is physical restraint," as distinct from restriction.  <u>See</u> RCM 304(a)(2).  The Discussion of 305(a) addresses confinement in terms of confinement facilities, and with reference to POWs, who are not likely to be restricted but, rather, confined.  RCM 305(f), (h), (i), and (j) all seem to be triggered, and are understood to be triggered, by actual confinement.  This is consistent with other sections of the Manual, like RCM 202(c)(2), which treats confinement and restriction as distinct concepts, and paragraph 102c, Part IV, where restriction is defined as a "moral restraint."  As a result, I would find it hard, absent persuasive executive practice, to find that the President intended pretrial restriction tantamount to confinement to receive double credit (<u>i.e.</u>, <u>Mason</u> credit and RCM 305 credit).

In my view, the military judge got the message -- appellant was seeking whatever credit he was due.  The

---

which RCM 305 . . . applies."  <u>United States v. Gregory</u>, 23 MJ 246 (CMA 1986)(summary disposition).

4

military judge responded correctly by awarding appellant

day-for-day Mason credit.

United States v. Chapa, No. 01-0011/AR

SULLIVAN, Senior Judge (concurring in part and in the result):

The majority affirms this case on the basis that appellant's failure at trial to request additional pretrial confinement credit under RCM 305 "waived" any right which he might have to such credit. It cites RCM 905(e) and the decision of this Court in United States v. McCants, 39 MJ 91, 93 (CMA 1994). It also notes that appellant failed to show plain error has occurred under RCM 305. I would hold that, in the absence of plain error, appellant's post-trial claim for additional sentence credit should be denied. See United States v. Scalarone, 54 MJ 114 (2000); United States v. Huffman, 40 MJ 225 (CMA 1994)(holding that pretrial confinement credit questions not knowingly waived at trial should be resolved at the appellate level on the basis of plain error).

Turning first to the general question of waiver, I must note that it has long been defined by the Supreme Court as "the intentional relinquishment or abandonment of a known right." Johnson v. Zerbst, 304 U.S. 458, 464 (1938), quoted in United States v. Olano, 507 U.S. 725, 733 (1993). There is no evidence in this case that appellant or his defense counsel knew that a panel of the Army Court

United States v. Chapa, No. 01-0011/AR

of Military Review had previously held that RCM 305(k)

applied to pretrial restriction which was "tantamount to

confinement."  See United States v. Gregory, 21 MJ 952

(ACMR 1986).[1]  Moreover, no strategic reason has been

identified for the defense to raise this claim to

additional or double confinement credit only on appeal

after the confinement portion of appellant's sentence had

been served.  See United States v. Sumner, 265 F.3d 532,

537-39 (7th Cir. 2001); United States v. Gore, 154 F.3d 34,

41-42 (2nd Cir. 1998); cf. United States v. Staples, 202

F.3d 992, 995 (7th Cir. 2000); United States v. Yu-Leung, 51

F.3d 1116, 1121-23 (2nd Cir. 1995).


     Nevertheless, as pointed out by the majority, there

was a failure by appellant and his defense counsel at his

trial to make a motion for appropriate sentence relief

under RCM 305(k), as provided for in RCM 305(j).  (R.12,

84-85, 255-58)  Moreover, RCM 905(e) states:

> (e) Effect of failure to raise
> defenses or objections.  Failure by
> a party to raise defenses or
> objections or to make motions or

---

[1] I agree with Judge Baker that the two judge order of this Court
affirming United States v. Gregory, 23 MJ 246 (CMA 1986) (summary
disposition), is not a sufficient basis on which to find a knowing
waiver by defense counsel of appellant's "apparent" right to additional
sentence credit under RCM 305(k).  See United States v. Diaz, 40 MJ
335, 339-340 (CMA 1994)(holding that effect of summary disposition on
other cases has not yet been decided).

2

> requests which must be made before
> pleas are entered under subsection
> (b) of this rule shall constitute
> waiver.  The military judge for good
> cause shown may grant relief from
> the waiver.  <u>Other motions,</u>
> <u>requests, defenses, or objections</u>,
> except lack of jurisdiction or
> failure of a charge to allege an
> offense, <u>must be raised before the</u>
> <u>court-martial is adjourned for that</u>
> <u>case and, unless otherwise provided</u>
> <u>in this Manual, failure to do so</u>
> <u>shall constitute waiver</u>.

(Emphasis added.)

The majority now relies on these Manual provisions and the absence of plain error to find a waiver based on appellant's failure to raise his RCM 305(k) claim at trial. I applaud the majority's reaffirmation, albeit <u>sub silentio</u>, of <u>Huffman</u> and <u>Scalarone</u>.[2]  <u>See</u> <u>generally</u> <u>United States v. Hayes</u>, 218 F.3d 615, 619-20 (6th Cir. 2000) (waiver is a rule of prudence, not jurisdiction).

I initially note that the requirement for a timely objection or motion is a basic component of both civilian and military procedure.  <u>See</u> RCM 905(e); Fed. R. Crim. P. 12(b), 30, and 51.  Moreover, it is equally well established that

---

[2] <u>See</u> <u>also</u> <u>United States v. Gilley</u>, 56 MJ 113, 127 (2001)(Sullivan, J., concurring in part and dissenting in part).

3

> "[a] rigid and undeviating
> judicially declared practice under
> which courts of review would
> invariably and under all
> circumstances decline to consider
> all questions which had not
> previously been specifically urged
> would be out of harmony with . . .
> the rules of fundamental justice[.]"
> Hormel v. Helvering, 312 U.S. 552,
> 557 (1941).

United States v. Olano, 507 U.S. at 731. Finally, both military and federal civilian appellate courts hold that appellate review is not precluded by these types of rules when plain error exists. United States v. Scalarone, supra; United States v. Huffman, supra; United States v. Hayes, supra.

RCM 905(e) is not a "waiver" rule as defined by the Supreme Court in United States v. Olano, supra. As noted above, the Supreme Court in Olano has defined waiver in far different terms. It said:

> Waiver is different from
> forfeiture. Whereas forfeiture is
> the failure to make the timely
> assertion of a right, waiver is the
> "intentional relinquishment or
> abandonment of a known right."
> Johnson v. Zerbst, 304 U.S. 458, 464

(1938); see, e.g., Freytag v. Commissioner, 501 U.S. 868, 894, n.2 (1991)(SCALIA, J., concurring in part and concurring in judgment) (distinguishing between "waiver" and "forfeiture"); Spritzer, Criminal Waiver, Procedural Default and the Burger Court, 126 U.Pa.L.Rev. 473, 474-477 (1978)(same); Westen, Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure, 75 Mich.L.Rev. 1214, 1214-1215 (1977)(same). Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. See, e.g., 2 W. LaFave & J. Israel, Criminal Procedure § 11.6 (1984)(allocation of authority between defendant and counsel); Dix, Waiver in Criminal Procedure: A Brief for More Careful Analysis, 55 Texas L.Rev. 193 (1977)(waivability and standards for waiver). Mere forfeiture, as opposed to waiver, does not extinguish an "error" under Rule 52(b). Although in theory it could be argued that "[i]f the question was not presented to the trial court no error was committed by the trial court, hence there is nothing to review," Orfield, The Scope of Appeal in Criminal Cases, 84 U.Pa.L.Rev.825, 840 (1936), this is not the theory that Rule 52(b) adopts. If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an "error" within the

> meaning of Rule 52(b) despite the absence of a timely objection.

507 U.S. at 733-34 (emphasis added); see also Johnson v. United States, 520 U.S. 461 (1997).

RCM 905(e) is a "raise or waive" rule, typically known as a rule of forfeiture.  As noted earlier, it is well-established that such a rule does not absolutely preclude appellate review.  See United States v. Olano, supra.

Noted commentators on criminal law have made clear that this is the prevailing view in American courts.  They said:

> Forfeiture of the Right to Appeal—Issues Not Raised in the Trial Court.  Perhaps no standard governing the scope of appellate review is more frequently applied than the rule that "an error not raised and preserved at trial will not be considered on appeal."  Even a constitutional right "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right."  In the federal system, the principal rule is codified in Federal Rule 51, although preservation requirements are also stated elsewhere in statute, court rule, and judicial decision.  States have similar provisions.  The values underlying

this rule were aptly summarized by the Oregon Court of Appeals:

There are many rationales for the raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to a court; that fairness to all parties requires a litigant to advance his contentions at a time when there is an opportunity to respond to them factually, if his opponent chooses to; that the rule promotes efficient trial proceedings; that reversing for error not preserved permits the losing side to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a lower court it was wrong when it never was presented with the opportunity to be right. The principal rationale, however, is judicial economy. There are two components to judicial economy: (1) if the losing side can obtain an appellate reversal because of error not objected to, the parties and public are put to the expense of retrial that could have been avoided had an objection been made; and (2) if an issue had been raised in the trial court, it could have been resolved there, and the parties and public would be spared the expense of an appeal.

United States v. Chapa, No. 01-0011/AR

> There is, of course, nothing in these rationales that requires that the "raise-or-waive" rule be absolute, and all jurisdictions recognize one or more situations in which issues not raised below will be considered on appeal. The plain error rule. . . is clearly the most important of these "exceptions" to the raise-or-waive rule. Several other exceptions … either do not cover as broad a range of objections, or are not as widely accepted, but they nevertheless have a fairly significant impact upon the scope of review in many jurisdictions.

5 Wayne LaFave et al., Criminal Procedure § 27.5(c) at 923-24 (2d ed. 1999). Our decisions in Huffman and Scalarone are consistent with this well-established practice.

In this light, the majority's resolution of appellant's post-trial claim for additional sentence credit under RCM 305(k) on the basis of RCM 305(j), RCM 905(e), and the absence of plain error is well taken.[3] In cases decided after United States v. McCants, supra, we have not foreclosed appellate review of claims for other types of

---

[3] I do not agree with the majority that this Court should continue to use the word "waiver" when it means "forfeiture." As Judge Posner has pointed out, "[t]he distinction between waiver and forfeiture is important to the operation of an adversary system, which is another reason for avoiding use of the word 'waiver' to designate both concepts." See United States v. Richardson, 238 F.3d 837, 841 (7th Cir. 2001). Precision, not imprecision, should be the hallmark of this Court in the area of plain error. See United States v. Powell, 49 MJ 460, 466 (1998)(Sullivan, J., concurring in the result); see generally United States v. Olano, 507 U.S. 725 (1993).

United States v. Chapa, No. 01-0011/AR

sentence credit because of a simple failure of an accused to move for this sentence credit at his court-martial.

As noted above, we have followed a road in United States v. Huffman, supra, and United States v. Scalarone, supra, similar to federal civilian practice and reviewed for plain error. We do so again in this case. See generally LaFave, supra, § 27.5(c) and (d) at 918-28.

I further conclude that the military judge did not plainly err by failing to give appellant additional credit for his pretrial restriction tantamount to confinement under RCM 305. She gave appellant 136 days credit for pretrial restriction tantamount to confinement pursuant to United States v. Mason, 19 MJ 274 (CMA 1985)(summary disposition). United States v. Gregory, 21 MJ at 952, the source of his purported legal right to additional credit under RCM 305, does not automatically entitle an accused to double credit for pretrial restriction tantamount to confinement. A record must exist justifying such a claim under this rule, and as pointed out by the majority, it is not here.

Finally, it is my view that the Army Court's decision in Gregory is flawed and should not be adopted by this Court.  But see United States v. Gregory, 23 MJ 246 (CMA 1986)(summary disposition); cf. United States v. Diaz, 40 MJ 335 (CMA 1994).  On this point, I note that RCM 304 provides for different types of "pretrial restraint," including pretrial confinement to be imposed by order. ("[C]onditions on liberty, restriction in lieu of arrest, arrest, or confinement")  If "pretrial confinement" is ordered ("physical restraint, imposed by order of competent authority, depriving a person of freedom pending disposition of offenses"), RCM 305 also applies.  See RCM 304(a)(4).  The logical inference to be drawn from the wording of RCM 304(a)(4) is that RCM 305 does not apply where a lesser form of pretrial restraint is "ordered." Accordingly, because pretrial confinement was not ordered in this case, appellant is not entitled to additional credit for failure of his commander to comply with the requirements of RCM 305.

In sum, I would affirm this case on the basis that appellant has not showed that the military judge plainly erred in failing to give him additional sentence credit under RCM 305(k).  Appellant received 136 days credit for

United States v. Chapa, No. 01-0011/AR

his pretrial restriction tantamount to confinement, and he had no per se entitlement to double credit, even if United States v. Gregory, supra, was good law.  Accordingly, I would affirm the sentence in this case.