SULLIVAN, Senior Judge
(concurring in part and in the result):
The majority affirms this ease on the basis that appellant’s failure at trial to request additional pretrial confinement credit under RCM 305 “waived” any right which he might have to such credit. It cites RCM 905(e) and the decision of this Court in United States v. McCants, 39 MJ 91, 93 (CMA 1994). It also notes that appellant failed to show plain error has occurred under RCM 305. I would hold that, in the absence of plain error, appellant’s post-trial claim for additional sentence credit should be denied. See United States v. Scalarone, 54 MJ 114 (2000); United States v. Huffman, 40 MJ 225 (CMA 1994)(holding that pretrial confinement credit questions not knowingly waived at trial should be resolved at the appellate level on the basis of plain error).
Turning first to the general question of waiver, I must note that it has long been defined by the Supreme Court as “the intentional relinquishment or abandonment of a known right.” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), quoted in United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). There is no evidence in this case that appellant or his defense counsel knew that a panel of the Army Court of Military Review had previously held that RCM 305(k) applied to pretrial restriction which was “tantamount to confinement.” See United States v. Gregory, 21 MJ 952 (ACMR 1986).[1] Moreover, no strategic reason has been identified for *145 the defense to raise this claim to additional or double confinement credit only on appeal after the confinement portion of appellant’s sentence had been served. See United States v. Sumner, 265 F.3d 532, 537-39 (7th Cir.2001); United States v. Gore, 154 F.3d 34, 41-42 (2nd Cir.1998); cf. United States v. Staples, 202 F.3d 992, 995 (7th Cir.2000); United States v. Yu-Leung, 51 F.3d 1116, 1121-23 (2nd Cir.1995).
Nevertheless, as pointed out by the majority, there was a failure by appellant and his defense counsel at his trial to make a motion for appropriate sentence relief under RCM 305(k), as provided for in RCM 305(j). (R.12, 84-85, 255-58) Moreover, RCM 905(e) states:
(e) Effect of failure to raise defenses or objections. Failure by a party to raise defenses or objections or to make motions or requests which must be made before pleas are entered under subsection (b) of this rule shall constitute waiver. The military judge for good cause shown may grant relief from the waiver. Other motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver.
(Emphasis added.)
The majority now relies on these Manual provisions and the absence of plain error to find a waiver based on appellant’s failure to raise his RCM 305(k) claim at trial. I applaud the majority’s reaffirmation, albeit sub silentio, of Huffman and Scalarone.[2] See generally United States v. Hayes, 218 F.3d 615, 619-20 (6th Cir.2000) (waiver is a rule of prudence, not jurisdiction).
I initially note that the requirement for a timely objection or motion is a basic component of both civilian and military procedure. See RCM 905(e); Fed.R.Crim.P. 12(b), 30, and 51. Moreover, it is equally well established that
“[a] rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with ... the rules of fundamental justice!.]” Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).
United States v. Olano, 507 U.S. at 731, 113 S.Ct. 1770. Finally, both military and federal civilian appellate courts hold that appellate review is not precluded by these types of rules when plain error exists. United States v. Scalarone, supra; United States v. Huffman, supra; United States v. Hayes, supra.
RCM 905(e) is not a “waiver” rule as defined by the Supreme Court in United States v. Olano, supra. As noted above, the Supreme Court in Olano has defined waiver in far different terms. It said:
Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the “intentional relinquishment or abandonment of a known right.” Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); see, e.g., Freytag v. Commissioner, 501 U.S. 868, 894, n. 2, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991)(SCALIA, J., concurring in part and concurring in judgment) (distinguishing between “waiver” and “forfeiture”); Spritzer, Criminal Waiver, Procedural Default and the Burger Court, 126 U.Pa.L.Rev. 473, 474-477 (1978)(same); Westen, Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure, 75 Mich.L.Rev. 1214, 1214-1215 (1977)(same). Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant’s choice must be particularly informed or voluntary, all depend on the right at stake. See, e.g., 2 W. LaFave & J. Israel, Criminal Procedure § 11.6 (1984)(allocation of *146 authority between defendant and counsel); Dix, Waiver in Criminal Procedure: A Brief for More Careful Analysis, 55 Texas L.Rev. 193 (1977)(waivability and standards for waiver). Mere forfeiture, as opposed to waiver, does not extinguish an “error" under Rule 52(b). Although in theory it could be argued that “[i]f the question was not presented to the trial court no error was committed by the trial court, hence there is nothing to review,” Orfield, The Scope of Appeal in Criminal Cases, 84 U.Pa.L.Rev. 825, 840 (1936), this is not the theory that Rule 52(b) adopts. If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an “error” -within the meaning of Rule 52(b) despite the absence of a timely objection.
507 U.S. at 733-34, 113 S.Ct. 1770 (emphasis added); see also Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).
RCM 905(e) is a “raise or waive” rule, typieally known as a rule of forfeiture. As noted earlier, it is well-established that such a rule does not absolutely preclude appellate review. See United States v. Olano, supra.
Noted commentators on criminal law have made clear that this is the prevailing view in American courts. They said:
Forfeiture of the Right to Appeal—Issues Not Raised in the Trial Court. Perhaps no standard governing the scope of appellate review is more frequently applied than the rule that “an error not raised and preserved at trial will not be considered on appeal.” Even a constitutional right “may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right.” In the federal system, the principal rule is codified in Federal Rule 51, although preservation requirements are also stated elsewhere in statute, court rule, and judicial decision. States have similar provisions. The values underlying this rule were aptly summarized by the Oregon Court of Appeals:
There are many rationales for the raise- or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to a court; that fairness to all parties requires a litigant to advance his contentions at a time when there is an opportunity to respond to them factually, if his opponent chooses to; that the rule promotes efficient trial proceedings; that reversing for error not preserved permits the losing side to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a lower court it was wrong when it never was presented with the opportunity to be right. The principal rationale, however, is judicial economy. There are two components to judicial economy: (1) if the losing side can obtain an appellate reversal because of error not objected to, the parties and public are put to the expense of retrial that could have been avoided had an objection been made; and (2) if an issue had been raised in the trial court, it could have been resolved there, and the parties and public would be spared the expense of an appeal.
There is, of course, nothing in these rationales that requires that the “raise-or-waive" rule be absolute, and all jurisdictions recognize one or more situations in which issues not raised below will be considered on appeal. The plain error rule ... is clearly the most important of these “exceptions” to the raise-or-waive rule. Several other exceptions ... either do not cover as broad a range of objections, or are not as widely accepted, but they nevertheless have a fairly significant impact upon the scope of review in many jurisdictions.
5 Wayne LaFave et al., Criminal Procedure § 27.5(c) at 923-24 (2d ed.1999). Our decisions in Huffman and Scalarone are consistent with this well-established practice.
In this light, the majority’s resolution of appellant’s post-trial claim for additional sentence credit under RCM 305(k) on the basis of RCM 305(j), RCM 905(e), and the absence *147 of plain error is well taken.[3] In cases decided after United States v. McCants, supra, we have not foreclosed appellate review of claims for other types of sentence credit because of a simple failure of an accused to move for this sentence credit at his court-martial.
As noted above, we have followed a road in United States v. Huffman, supra, and United States v. Scalarone, supra, similar to federal civilian practice and reviewed for plain error. We do so again in this ease. See generally LaFave, supra, § 27.5(c) and (d) at 918-28.
I further conclude that the military judge did not plainly err by failing to give appellant additional credit for his pretrial restriction tantamount to confinement under RCM 305. She gave appellant 136 days credit for pretrial restriction tantamount to confinement pursuant to United States v. Mason, 19 MJ 274 (CMA 1985)(summary disposition). United States v. Gregory, 21 MJ at 952, the source of his purported legal right to additional credit under RCM 305, does not automatically entitle an accused to double credit for pretrial restriction tantamount to confinement. A record must exist justifying such a claim under this rule, and as pointed out by the majority, it is not here.
Finally, it is my view that the Army Court’s decision in Gregory is flawed and should not be adopted by this Court. But see United States v. Gregory, 23 MJ 246 (CMA 1986)(summary disposition); cf. United States v. Diaz, 40 MJ 335 (CMA 1994). On this point, I note that RCM 304 provides for different types of “pretrial restraint,” including pretrial confinement to be imposed by order. (“[Conditions on liberty, restriction in lieu of arrest, arrest, or confinement”) If “pretrial confinement” is ordered (“physical restraint, imposed by order of competent authority, depriving a person of freedom pending disposition of offenses”), RCM 305 also applies. See RCM 304(a)(4). The logical inference to be drawn from the wording of RCM 304(a)(4) is that RCM 305 does not apply where a lesser form of pretrial restraint is “ordered.” Accordingly, because pretrial confinement was not ordered in this case, appellant is not entitled to additional credit for failure of his commander to comply with the requirements of RCM 305.
In sum, I would affirm this case on the basis that appellant has not showed that the military judge plainly erred in failing to give him additional sentence credit under RCM 305(k). Appellant received 136 days credit for his pretrial restriction tantamount to confinement, and he had no per se entitlement to double credit, even if United States v. Gregory, supra, was good law. Accordingly, I would affirm the sentence in this case.

. I agree with Judge Baker that the two judge order of this Court affirming United States v. Gregory, 23 MJ 246 (CMA 1986) (summary disposition), is not a sufficient basis on which to find a knowing waiver by defense counsel of appellant’s "apparent” right to additional sentence credit under RCM 305(k). See United States v. Diaz, 40 MJ 335, 339-340 (CMA 1994)(holding that effect of summary disposition on other cases has not yet been decided).

. See also United States v. Gilley, 56 MJ 113, 127 (2001)(SulIivan, J., concurring in part and dissenting in part).

. I do not agree with the majority that this Court should continue to use the word “waiver” when it means “forfeiture.” As Judge Posner has pointed out, "[t]he distinction between waiver and forfeiture is important to the operation of an adversary system, which is another reason for avoiding use of the word 'waiver' to designate both concepts.” See United States v. Richardson, 238 F.3d 837, 841 (7th Cir.2001). Precision, not imprecision, should be the hallmark of this Court in the area of plain error. See United States v. Powell, 49 MJ 460, 466 (1998)(Sullivan, J., concurring in the result); see generally United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).